## T. M. TUCKER *v.* M. M. WHITEHEAD.

1. **WILL.** *Probate in common form. Effect.*
   Where a writing purporting to be the last will and testament of a decedent has been probated in common form, it must be regarded in all collateral proceedings as the established will of the deceased, until overthrown in a direct proceeding.

2. **LANDLORD AND TENANT.** *At death of testator. Devisee. Rent.*
   The devisee of land rented out by the testator for the year in which his death occurs is the landlord thereof, and under sect. 2288 of the Code of 1871 was entitled to collect the rent for that year. But under sect. 1327 of the Code of 1880 the personal representative of the decedent is entitled to collect the rent in such case.

3. **SAME.** *Collection of rent. Who entitled to remedy under act of 1876.*
   Any person entitled to attach for rent under chap. 21 of the Code of 1871 could, after the passage of the act, avail himself of the remedy provided by the act of 1876 entitled "An act to provide for agricultural liens, and for other purposes."

4. **SAME.** *Attornment to stranger. Code of 1871.*
   Under sect. 2289 of the Code of 1871, the attornment of a tenant to a stranger, not with the consent of the landlord, nor in pursuance of, or in consequence of, a judgment at law or decree in equity, was void.

ERROR to the Circuit Court of Clay County.

Hon. J. M. ARNOLD, Judge.

About the 1st of January, 1879, P. W. Tucker verbally rented to John Evans a certain tract of land for that year, for four bales of cotton. On the 18th of February, 1879, Tucker died. On the 24th of February, 1879, T. M. Tucker, a brother of the deceased, induced Evans to enter into a written contract to pay the rent of the land to him. On the 29th of October, 1879, Miss M. M. Whitehead sued out an attachment for the rent against Evans, and made T. M. Tucker a party defendant to the proceeding. The plaintiff claimed that she was the owner of the land, as devisee thereof under the last will of P. W. Tucker, which, she alleged, had been duly probated. T. M. Tucker demurred to the declaration, on the ground that the statute does not authorize a devisee to bring this action where the contract of rent was made by the testator. The demurrer was overruled. Thereupon T. M. Tucker filed two pleas: First, that P. W. Tucker died intestate, and that he, acting for the heirs of the deceased, had rented the land to Evans, and gotten his written promise to pay the rent to him, which was "the only contract of rent for said land;" second, that although the plaintiff had presented to the chancery clerk a writing which she claimed was the last will and testament of P. W. Tucker, and it had been probated in common form, yet it was not the will of P. W. Tucker. The plaintiff demurred to these pleas. The demurrer was sustained as to the second, but overruled as to the first. A trial was then had, and the verdict and judgment were for the plaintiff.

*F. S. White* and *L. F. Bradshaw*, for the plaintiff in error.

1. The demurrer to the declaration should have been sustained, because the declaration failed to show that the plaintiff was the landlord in respect to the rent which she sought to collect. The act of 1876 (p. 109) gave the remedy therein provided to the landlord only, and not to his heirs, *devisees*, or any one else. The plaintiff only claims to be a devisee.

2. The court erred in sustaining the demurrer to the defendant's second plea. The probate of a will in common form is not binding on the heirs. 5 Smed. & M. 82 ; 12 Smed. & M. 558 ; 7 How. 143. It is not conclusive even that the paper probated is to have the effect of a will. *Wall* v. *Wall*, 30 Miss. 91.

*Fred Beall*, for the defendant in error.

The sole question in this case is, whether P. W. Tucker died testate or intestate. There was a will duly probated, and its validity can only be contested by a proper proceeding in the Chancery Court. *Kelly* v. *Davis*, 37 Miss. 76 ; *Murray* v. *Murphy*, 39 Miss. 214. The probate of a will, until it has been reversed or vacated, is conclusive, and in no case can it be contested or tried in a court of law. *Dublin* v. *Chadbourn*, 16 Mass. 433 ; *Poplin* v. *Hawke*, 8 N. H. 124 ; *Coates* v. *Hughes*, 3 Binn. 498.

COOPER, J., delivered the opinion of the court.

The probate of the will of P. W. Tucker, in common form, is effectual and binding until attacked and overturned in direct proceedings instituted in the Chancery Court. Until this is done the devisee is entitled to the possession of the land, and to collect the rents accruing thereon after the death of the testator, unless the heirs-at-law can show circumstances sufficient to authorize the interposition of a court of equity to take charge of and preserve the property and its income until the contest of the will can be made. In *Hamberlin* v. *Terry*, *Exr.*, 7 How. 143 ; *Cowden* v. *Dobbyns*, 5 Smed. & M. 82 ; *Garner* v. *Lansford*, 12 Smed. & M. 558, and *Wall* v. *Wall*, 30 Ill. 91, this court, in speaking of the effect of a probate in common form, say it is an incipient step in the proceedings, taken in order to give the court jurisdiction, and is not conclusive upon the heirs-at-law ; but this language must be construed with reference to the character of the cases in which it was used. They were all appeals from Probate Court proceedings, in which, after probate of the will in common form

had been made, direct proceedings were commenced to test the validity of the wills. The contest in each of these cases was made in the manner provided by the statutes to contest the validity of the will, and if the probate might be thus overthrown, the corollary is that such probate was not conclusive.

But so long as the probate in common form remains unrevoked, it cannot be contradicted, " and, therefore, if a probate under seal be shown, evidence will not be admitted that the will was forged, or that the execution of it was procured by fraud, or that the testator was *non compos mentis*, or that another person was executor." Toll. on Ex. 76. The reason given is, that these are matters of which the court granting the probate alone has jurisdiction.

Appellee was the landlord after the death of P. W. Tucker, and was entitled to collect all the rent of the premises for the year 1879. Code 1871, sect. 2288; *Bloodworth* v. *Stevens*, 51 Miss. 475.

Since the adoption of the Code of 1880 a different rule prevails, by reason of sect. 1327.

The provisions of the act of 1876 (Laws 1876, p. 109) extend to any one entitled to the rent. Any one who could attach for rent under the provisions of chap. 21 of the Code of 1871 could avail himself of the remedy afforded by said act.

Appellant acquired no right to the rent by reason of the contract with the tenant. Code 1871, sect. 2289.

Judgment affirmed.