STRATTON v. DURHAM et al.

(In Banc. May 26, 1941.)

[2 So. (2d) 551. No. 34623.]

**Joe D. Gordon**, of Liberty, and **Price, Price & Phillips**, of Magnolia, for appellant.

**F. D. Hewitt,** of McComb, for appellee.

Argued orally by **O. W. Phillips,** for appellant, and by **F. D. Hewitt,** for appellee.

**Smith, C. J.,** delivered the opinion of the court.

This is an appeal from a judgment on an issue devisavit vel non setting aside the probate of a will.

W. R. Short executed the will in July, 1932, died on August 22, 1938, and the will was probated in short form on August 28, 1938. He devised $1 to each of his seven children, all of whom seem to be adults, and the residue of his property to his sister, Mrs. Alta Short Jackson, now Mrs. Stratton. Afterwards, the probate of the will was challenged in the court below by the testator's seven children on two grounds: (1) That it had been procured by undue influence; and (2) it had been revoked by a written declaration. The trial judge excluded the contestants' evidence offered in support of their charge of undue influence, and submitted the case to the jury on the charge of revocation. The verdict was for the contestants and there was a decree accordingly. The testator married a number of years prior to 1928 and was then living with his wife. Whether their seven children were then living with them does not appear. Sometime during that year, he and his wife disagreed, separated, and were divorced in 1932. Thereafter the appellant lived apart from his children and for at least a part of the time with his sister, Mrs. Stratton. An attorney, who drafted the will and who continued thereafter to act as the testator's attorney when called on so to do, testified to the execution of the will and that immediately thereafter he placed it in an envelope with his professional card on it, sealed the envelope, marked it for identification, and delivered it to the testator. This envelope still sealed was brought to him after the testator's death. Whereupon, he opened the envelope, took the will out and probated it. The testator's former wife testified that in February, 1934, she was visiting Mrs. Boone, her and the testator's daughter, in Brookhaven, and while there Mrs. Boone received a letter through the mail wholly written and signed by the testator, reading as follows: ''Liberty, Miss., 2/3 1934   Mr. Thurman Boone   Bertha & Jr how ar you all fine i hope. i have about got over the flu an am able to work some. Thurman if you an Bertha come over here soon stop an see me i wanto see you all on some busi-

ness. Write me what day you will come & i will be at my place i am revoking my will left to Alta. W. R. Short Liberty Miss R 3.'' The evidence does not disclose that either Mr. or Mrs. Boone complied with the letter's request to visit the testator.

This letter does not declare that the writer thereby revoked his former will nor does it contain any words to that effect. The words ''I am revoking my will'' manifestly refer to another paper or act which the writer was about to execute or do which would revoke the will. The writer's intention to revoke his will, if such he in fact had, does not appear from the evidence to have been carried out for he left the will intact in the sealed envelope in which the draftsman had put it immediately after its execution. No written declaration, testamentary or not in character, revoking it appears in the evidence. It therefore fails to disclose any fact on which the jury's verdict for the contestants can rest. Had the appellant requested and been refused a directed verdict in her favor, we could reverse this judgment and render one for her here. She failed to make such a request. Consequently, all we can do is to reverse the judgment and remand the case for a new trial.

So ordered.

**Roberds, J.**, did not participate in this decision.