HILTON *v.* JOHNSON *et al.*

(Division B. March 29, 1943. Suggestion of Error Overruled May 24, 1943.)

[12 So. (2d) 524. No. 35075.]

R. M. Kelly, of Vicksburg, for appellant.

Brunini & Brunini and George Chaney, all of Vicksburg, for appellees.

Argued orally by R. M. Kelly, for appellant, and by John Brunini, for appellees.

Anderson, P. J., delivered the opinion of the court.

John W. Hilton died in 1938 leaving a wife and no children. His nearest of kin, other than his wife, being seven brothers and sisters. He left a will by which he devised and bequeathed to his seven brothers and sisters all of his property in equal shares, naming his sister Mrs. Lyda Johnson, one of the appellees, as the executrix. There was a trial of the issue devisavit vel non between his widow, the appellant, on the one hand and his seven

brothers and sisters, the appellees, on the other hand. The trial was by a jury. After the evidence was in the court directed a verdict in favor of the appellees upholding the will, which was followed by a judgment. From which judgment the widow prosecutes this appeal.

The will involved was executed in the State of Texas in 1921. At that time the testator was a resident of that state. In 1922 he married Nora V. Hopkins in this state and thereafter resided here until his death in 1938. On the trial the proponents of the will, his brothers and sisters, assuming the burden, which under the law devolved upon them, of making out a prima facie case of its validity, introduced the probate of the will in common form by the affidavits of the subscribing witnesses who resided in the State of Texas. The proof was in compliance with Section 1602, Code of 1930. After doing so they rested.

The widow contends that they ought to have gone further and made the proof either by having the subscribing witness or witnesses present to testify before the court or their testimony in the form of depositions. There is no merit in that contention. Section 1603, Code of 1930, provides that the affidavit of any subscribing witness to a will before and certified by any officer of the state competent to administer oaths shall be received as a substitute for the personal attendance of affiant to prove the will where there is no contest. Section 1611, Code of 1930, provides that on the trial of an issue made up to determine the validity of a will which has been duly admitted to probate, "such probate shall be prima facie evidence of the validity of the will." See Moore v. Parks, 122 Miss. 301, 84 So. 230; Gathings v. Howard, 122 Miss. 355, 84 So. 240; Sheehan v. Kearney, 82 Miss. 688, 702, 21 So. 41, 35 L. R. A. (N. S.) 102.

To meet the prima facie case so made by the proponents of the will the widow offered evidence of several witnesses to the effect that the testator stated in their presence that his wife had been faithful and true to him and on

his death he wanted her to have all of his property. On objection the court ruled out such evidence. The widow assigns and argues that action of the court as error. Section 3551, Code of 1930, provides among other things that no will shall be revocable except by the testator or testatrix cancelling or obliterating the same, or causing it to be done in his or her presence, or by subsequent will, codicil or declaration in writing made and executed. The statute by its very language excludes parol testimony to change a will in any respect. Stratton v. Durham, 191 Miss. 420, 2 So. (2d) 551; Minor v. Russell, 126 Miss. 228, 88 So. 633; Moore v. Parks, supra; Miller v. Miller, 96 Miss. 526, 51 So. 210. There was no error, therefore, in excluding such evidence.

That statute, however, has no application to implied revocations by operation of law. It has reference alone to express revocations which were sought to be shown in the manner stated. Garrett v. Dabney, 27 Miss. 335; Hoy v. Hoy, 93 Miss. 732, 48 So. 903, 25 L. R. A. (N. S.) 182, 136 Am. St. Rep. 548, 17 Ann. Cas. 1137; Caine v. Barnwell, 120 Miss. 209, 82 So. 65. It was held in the latter case that where the testator subsequent to the making of the will conveyed his entire estate by deed there was a revocation implied by law. But in Hoy v. Hoy, supra, the court held in unmistakable language that a marriage subsequent to the making of the will would not revoke the will "although the statute makes his widow an heir of the testator." This subject is discussed in Page on Wills, Vol. 1, Ch. 15, Sections 422 to 533, inclusive. In Section 511 there is a discussion of the effect of subsequent marriage as an implied revocation. It is shown that there is a diversity of decision among the courts. Hoy v. Hoy, supra, is referred to a holding that a will was not revoked by a subsequent marriage. In Jones v. Moseley, 40 Miss. 261, 90 Am. Dec. 327, the court used this language in discussing the subject of revocation of wills by operation of law: "This change must be in his condition as affecting the substantial relations of the

parties, such as subsequent marriage, and the birth of a child or children." However, that language was not decision. It was entirely outside of the case. In that case the wife was not involved, but a daughter of the testator. Furthermore in Paragraph 2 of the syllabus it is stated that an implied revocation of a will may be shown by the declaration of the testator made after its execution. Nevertheless in the opinion itself the oral testimony to establish the revocation was held to be insufficient.

Affirmed.