BEARDEN, et al. *v.* GIBSON.

Oct. 27, 1952

No. 38036          5 Adv. S. 1          60 So. 2d 655

*John B. Farese* and *Fant & Bush,* for appellants.
*Dean Belk* and *Robt. B. Smith,* for appellees.

ARRINGTON, J.

William McGhee died in 1948, leaving children, grandchildren, and a great-grandchild surviving him as heirs at law. He left a will by which he bequeathed $100.00 to each of four named children, the remainder of his cash to be divided equally among the remaining children and a grandson. All other personal property was to be divided equally among his children. He devised a life estate in his realty, consisting of 160 acres of land to three of his sons, with remainder over in fee to all of his children and with the right of representation in descendants of deceased children.

The will was admitted to probate in common form upon affidavits of the subscribing witnesses to the will and thereafter petition was filed contesting the will on the grounds of testamentary capacity and undue influence. The three sons who were left the life estate, and a daughter, Gracie McGhee Gibson, were proponents of the will and the other heirs at law were the contestants. There was a trial on the issue devisavit vel non by a jury, which returned a verdict in favor of the proponents, followed by a decree, from which decree appellants prosecute this appeal.

(Hn 1) On the trial, the proponents introduced in evidence the entire record of the proceedings of the probate of the will in common form, and rested. The contestants then introduced evidence tending to show testator's lack of testamentary capacity and that the will was the result of undue influence. After the contestants rested, the proponents introduced evidence rebutting the testimony of the contestants by others than the subscribing witnesses to the will. The burden of proof was on the proponents as to both issues, testamentary capacity and undue influence. Proponents met the burden of proof and made out a prima facie case by introducing the record of the probate of the will in common form.

Contestants contend that the proponents should have gone further and made the proof of the will by having one of the subscribing witnesses present to testify before the court. Section 498, Code of 1942, provides that "due execution of the will must be proved by at least one of the subscribing witnesses, if alive and a resident in the state and competent to testify." Section 499, Code of 1942, provides "that the affidavit of any subscribing witness to a will, made before and certified by any officer in the state competent to administer oaths, shall be received as a substitute for the personal attendance of the affiant to prove the will where there is no contest about it." Section 507, Code of 1942, provides "that on the trial of an issue made up to determine the validity of a will, which has been duly admitted to probate, such probate shall be prima facie evidence of the validity of the will." Under this section, (Hn 2) the prima facie case made for proponents by the introduction of the proof of probate in common form extends to every aspect of the will touching upon its validity. Without more, the proponents have introduced sufficient evidence to sustain their burden of proof. Sheehan v. Kearney, 82 Miss. 688, 21 So. 41, 35 L. R. A. 102; Gathings, et al. v. Howard, et al., 122 Miss. 355, 84 So. 240; O'Bannon, et al. v. Henrich, 191 Miss. 815, 4 So. 2d 208; Hilton v. Johnson, et al., 194 Miss. 671, 12 So. 2d 524; Rice v. McMullen, 207 Miss. 706, 43 So. 2d 195.

The appellants cite a number of authorities, among them being the case of Tyson v. Utterback, 154 Miss. 31, 122 So. 496. In this case the Court said: "And as we have already in effect said, but in order that nothing immediately next above stated may mislead, we repeat that the proof of due execution, and this includes every requisite element, may, if necessary, be made by others than any of the subscribing witnesses, although the subscribing witnesses *must* be produced, if possible. Helm v. Sheeks, 116 Miss. 726, 77 So. 820."( Italics ours).

In view of this statement by the Court and the statement of counsel for appellants that the court file in Mar-

shall County shows that the will had been probated in common form, we have made an examination of the Supreme Court record in this case. We find that although the will had been probated in common form, the probate in common form had been set aside upon the trial of the issue devisavit vel non for the reason that the proof of the will had been made in Memphis, Tennessee, before a Mississippi officer. All the other cases cited by appellants on this point, with the exception of Maxwell v. Lake, 127 Miss. 107, 88 So. 326, and including Helm v. Sheeks, supra, were cases where there had been no probate in common form. In the case of Maxwell v. Lake, supra, there had been a probate in common form but this question was not before the court. In that case, the Court said: "But on a contest involving the execution of the will between the heirs and the devisees, all of the witnesses *should* be produced to testify both as to the signature of the testator and as to his capacity," and cited Helm v. Sheeks, supra. As stated, this question was not before the court and the court evidently overlooked the fact that in the case of Helm v. Sheeks, supra, there had been no probate in common form. At the most, the Court only said that the witnesses *should* be produced and not that they *must* be produced. Since the case of Maxwell v. Lake, supra, this Court has held consistently that the burden of proof is met by the probate of the will in common form. In Bigleben, et al. v. Henry, et al., 196 Miss. 586, 17 So. 2d 602, this Court said: "Likewise in the case at bar the entry by the Clerk of his order in vacation admitting to probate the instrument here involved was an adjudication by him that the said instrument had been duly proven by the presentation thereof with the affidavits of the subscribing witnesses thereto attached. . . ., we are of the opinion that such probate in common form before the Clerk in vacation should be deemed prima facie evidence of the validity of the will unless and until its invalidity shall have been determined by the Court."

This identical question was before the Court in Hilton v. Johnson, supra, and the Court there held: "On the trial the proponents of the will, his brothers and sisters, assuming the burden, which under the law devolved upon them, of making out a prima facie case of its validity, introduced the probate of the will in common form by the affidavits of the subscribing witnesses who resided in the State of Texas. The proof was in compliance with Section 1602, Code of 1930. After doing so they rested.

"The widow contends that they ought to have gone further and made the proof either by having the subscribing witness or witnesses present to testify before the court or their testimony in the form of depositions. There is no merit in that contention. Section 1603, Code of 1930, provides that the affidavit of any subscribing witness to a will before and certified by any officer of the state competent to administer oaths shall be received as a substitute for the personal attendance of affiant to prove the will where there is no contest. Section 1611, Code of 1930, provides that on the trial of an issue made up to determine the validity of a will which has been duly admitted to probate, 'such probate shall be prima facie evidence of the validity of the will.' See Moore v. Parks, 122 Miss. 301, 84 So. 230; Gathings v. Howard, 122 Miss. 355, 84 So. 240; Sheehan v. Kearney, 82 Miss. 688, 702, 21 So. 41, 35 L. R. A. (N.S.) 102." (Secs. 1603 and 1611, Code of 1930, were carried forward in Code of 1942 as Secs. 499 and 507).

We have carefully examined the instructions and find that when they are all considered together as one instruction, the jury was furnished a correct guide and could not have been misled. Brister v. Dunnaway, 149 Miss. 5, 115 So. 36; Haggerty, et al. v. Williams, et al., 184 So. 165 (Miss.). The evidence was conflicting but was ample to sustain the verdict of the jury upholding the validity of the will.

Affirmed.

*McGehee, C. J.,* and *Lee, Kyle,* and *Ethridge, JJ.,* concur.