PERRY *v.* ALDRICH, EXECUTRIX

No. 43247          December 14, 1964          169 So. 2d 786

430

*Callon, Zuccaro, Wood & Pintard, Robert L. Netterville,* Natchez, for appellant.

*Brandon, Brandon, Hornsby & Handy, Laub, Adams, Forman & Truly,* Natchez, for appellee.

RODGERS, J.

This is a will case. It came to this Court from the Chancery Court of Adams County, Mississippi, on appeal from the final decree of the chancery court revoking and annulling a vacation order of the chancery clerk, probating an alleged will of Mrs. Marie B. O'Kelley. The chancellor permitted an appeal to this Court "to settle all of the controlling principles involved:"

Thus, this Court is called upon to determine whether or not the chancellor ruled correctly upon the pleadings filed in the chancery court, under the following circumstances:

Appellant, Fred F. Perry, presented to the chancery court clerk, in vacation, on October 28, 1963, an alleged will of Mrs. Marie B. O'Kelley, dated June 24, 1961, in which appellant was named executor. The clerk entered an order admitting the attached will to probate and signed an order adjudging the alleged will to be "the Last, True and Original Will of the said Mrs. Marie B. O'Kelley and this Decree and Order supersedes and has precedence over any other decrees heretofore rendered in said cause. . . ." Appellant qualified as executor by taking oath and proceeded to give notice to creditors. At this juncture, Mrs. Elizabeth Balfour Franklin Aldrich filed a bill of complaint in the foregoing proceeding in which she alleged she was the executrix of the estate of Mrs. Marie B. O'Kelley, deceased; that deceased died October 17, 1963; that thereafter on October 21, 1963, the complainant probated the last will of Mrs. O'Kelley. This will was dated February 23, 1957, and was proven and probated in a separate proceeding prior to the proceeding presented by Fred F. Perry for the probate of a later will. The complainant alleged that the prior order probating a previous will is conclusive until it is set aside, and that the later proceeding filed by Fred F. Perry to probate a will dated after the previously probated will was a nullity, because a good and valid will had already been probated and letters testamentary issued; that this will and the decree had not been attacked, qualified, revoked or appealed from, and the later proceeding was had without notice to the original executrix in the previous proceeding. The prayer of the bill of complaint requested the court to enter a decree adjudging the later proceeding instituted by Fred F. Perry to be void and that the proceeding be revoked and cancelled.

Appellant, Fred F. Perry, filed a general and a special demurrer to the appellee's bill of complaint. The special demurrer, among other things, charged "That a will, as this will was, may be probated despite prior administrative or probate proceedings"; that the decree in the last probate proceeding was a judicial act establishing the validity of the later will and that this order could only be attacked as set out by Mississippi Code Annotated Section 504 (1942); and that "only a jury can hear the issue on the validity of the will."

The chancellor heard the argument in term time and entered an order taking the matter under advisement for determination in vacation, and on the 27th of February 1964, the chancellor overruled the demurrer and cancelled the second probate proceeding in which Fred F. Perry had qualified as executor of the estate of Mrs. Marie B. O'Kelley, deceased.

The only question for our determination is whether or not a later will can be probated in common form after a will has previously been probated, in a separate proceeding establishing a prior will as the last will and testament of the deceased testator.

■■ We have reached the conclusion that the chancellor was correct in refusing to permit two conflicting testamentary proceedings establishing two separate wills of the deceased testator to be carried on in the chancery court at the same time, and in refusing to permit the probating of two conflicting wills in common form as the last will and testament of the deceased testator.

■■ There can be only one true and last will of a deceased person. Where two instruments are not in conflict, ■■ they may be construed together as one will, but where two known instruments purporting to be the last will and testament of a deceased testator, are distinct and in conflict, it is necessary for the chancery court to determine which of the instruments is the true, last and genuine will of deceased testator.

██ █ In order to present the matter to the court and jury, it is necessary that the instruments be brought to issue in one proceeding. The method of probating a will in common form is a statutory procedure in Mississippi. Miss. Code Ann. §§ 496 through 501 (1942). The validity of a will probated without notice may be contested "at any time within two years." Miss. Code Ann. § 505 (1942). On the other hand, a will may be offered for probate in solemn form, where all interested persons are made parties in the first instance, and persons made parties to the proceedings are "concluded by the probate of the will." Miss. Code Ann. § 503 (1942).

██ █ In the instant case, a will was probated in common form and letters testamentary were issued to Mrs. Elizabeth Balfour Franklin Aldrich, the appellee, and thereafter a second will was presented to the chancery clerk and admitted to probate, and Fred F. Perry, appellant, was executor of the estate of the deceased, Mrs. Marie Balfour O'Kelley, thus it is apparent two executors were appointed by the clerk of the chancery court, in vacation, each asserting that he was acting under the true and last will of the same testatrix. It is obvious that there cannot be two last wills of the same testatrix. It has been said "no man can die with two testaments." 57 Am. Jur. *Wills* § 755, p. 517 (1948). One will must supersede the other unless it is a codicil to the previous will.

The order admitting to probate an instrument in writing (Miss. Code Ann. § 657, 1942) as the last will of a deceased person imports validity of the will; thus, where a will has been probated in common form, it is valid on the face of the proceedings, until modified or set aside by order of the chancery court. Mississippi Code Annotated Section 507 (1942) is as follows: "On the trial of an issue made up to determine the validity of a will which has been duly admitted to probate, such probate shall be prima facie evidence of the validity

of the will." See Moore v. Parks, 122 Miss. 301, 84 So. 230 (1920); Gathings v. Howard, 122 Miss. 355, 84 So. 240 (1920); 95 C. J. S. *Wills* § 574, pp. 670, 671, 672; § 577 b., p. 677 (1957).

██ █ In the case of Bigleben v. Henry, 196 Miss. 586, 17 So. 2d 602 (1944), this Court held that the probate in common form of a will before the clerk in vacation would be deemed prima facie evidence of the validity of the will unless and until its invalidity was determined by the court. See also the following cases to the same effect: Bearden v. Gibson, 215 Miss. 218, 60 So. 2d 655 (1952); Rice v. McMullen, 207 Miss. 706, 43 So. 2d 195 (1949); Hilton v. Johnson, 194 Miss. 671, 12 So. 2d 524 (1943); O'Bannon v. Henrich, 191 Miss. 815, 4 So. 2d 208 (1941).

██ █ The rule in this State is that the probate of a will in common form is not a final adjudication of the validity of the will but is an "incipient step" necessary to enable the court to proceed to carry the will into execution. ██ █ It is not conclusive against the heirs and distributees; and if they desire to contest the validity of the will, the statute provides the mode by which that shall be done by an issue devisavit vel non. Austin v. Patrick, 179 Miss. 718, 176 So. 714 (1937); Murray v. Murphy, 39 Miss. 214 (1860); Kelly v. Davis, 37 Miss. 76 (1859).

We have been unable to find a Mississippi case directly in point upon the question here presented but we find that this question has been presented to the Supreme Courts of other states. In the case of In re Puett's Will, 229 N.C. 8, 47 S. E. 2d 488 (1948), a proceeding was instituted to probate a written paper presented by one Lelia Wilson as the last will of Minnie Stowe Puett It appears that Minnie Stowe Puett died on May 29, 1945. A written paper purporting to be her last will and testament was duly admitted to probate in the manner prescribed by statute. By this will, the testatrix

devised the bulk of her considerable estate in trust to the American Trust Company, trustee for charitable purposes, therein set out. This will was dated May 12, 1944. On May 2, 1947, Lelia Wilson offered for probate as the last will and testament of Mrs. Puett another paper dated February 23, 1945, which simply said: "I will and bequeath everything I have to Lelia Wilson. (Signed) Minnie Stowe Puett." The clerk entered an order in which he found this paper to be entirely in the handwriting of Mrs. Puett. The clerk then adjudged that the instrument was the last will and testament of Minnie Stowe Puett, and further declared that the purported last will and testament of decedent probated May 29, 1945, was "null and void." Thereafter, on November 21, 1947, George W. Stowe and others, representatives of the beneficiaries under the will probated May 29, 1945, filed a petition before the clerk asking that the proceeding admitting the second will to probate be reopened and that the clerk's order admitting the second alleged will to probate be revoked for the reason that the order was improvidently entered without notice to the petitioners, and for the reason that the order admitting to probate a will in the first proceeding had not been vacated on appeal or declared void and it was therefore conclusive as to the validity of the will admitted to probate in the first proceeding. Thereafter, the clerk entered an order revoking the order entered in the second proceeding. The action of the clerk was affirmed by the trial court. The order of the court contained the following clause: "but in doing so is of the opinion that this order does not preclude the appellant Lelia Wilson from seeking the probate by her at (by) proper proceedings before the Clerk and after notice to all parties, heirs and legatees, and an opportunity to each of them to be heard." The executor and beneficiary in the first will proceeding appealed in order to challenge the above-quoted part of the order. Lelia

Wilson also appealed. The Supreme Court held that the testamentary disposition of property is governed by statute, and stated that when a will is "executed, proven and recorded in manner and form as prescribed, it, is given conclusive legal effect as the last will and testament of the decedent, subject only to be vacated on appeal or declared void by a court of competent jurisdiction in a proceeding instituted for that purpose." The Court held that the validity of the will in the first proceeding could be attacked only by a direct proceeding in the nature of a caveat. The Court, quoting from In Re Rowland, 202 N.C. 373, 162 S.E. 897, 898, (1932) said " 'It is immaterial whether those appearing and protesting call themselves intervenors, objectors, or caveators' if they place themselves in opposition to the propounders. By a caveat legal rights are put in stake." The Court then held that the first will could not be declared null and void on a motion before the clerk. The Court struck out the clause in the trial court's order wherein the court said that Lelia Wilson was not precluded from seeking to probate the second will in proper proceedings before the clerk, because this clause "might be regarded as binding by other judges, that the procedure she had undertaken to pursue was proper, and that a collateral attack on the probated will was authorized."

In Butts' Estate, 139 N. W. 244 (Mich. 1913), the Supreme Court of Michigan held that where a probate court had admitted a will to probate, it had no power to vacate its order or decree and revoke the probate of the first will because of its limited authority, although the wrong will had been admitted to probate first.

In the case of Rubarts v. Rubarts, 255 Ky. 695, 75 S. W. 2d 353 (1934), where the facts are similar to the facts in this case, the Supreme Court pointed out that there was a statutory method of contesting the probate of the first will, and since the proponents of

the second will failed to follow the statutory procedure, the refusal of the trial court to permit the probate of the second will was not error.

The textwriter of 57 Am. Jur. *Wills* § 952 p. 622 (1948), among other things, has this to say: ''Some authorities hold that a will cannot be probated after an earlier instrument inconsistent therewith has been admitted to probate as the last will of the same testator, unless the judgment or decree of probate of the earlier will is revoked or set aside in a contest instituted by appeal or otherwise, within the statutory period for a contest, or by other remedy to revoke the judgment of probate, in any case where the later will is not merely a codicil to the earlier probated will, or where, even if it is a codicil in form, it is inconsistent with the earlier pro-bated will. There are, however, well-considered cases in support of the view that while an order setting aside the probate of a will is essential to the probate of a later will inconsistent with the former, the vacation of the probate of the earlier will is to be sought in the same proceeding as that in which it is sought to probate the later will.''

A resume of case history on this subject may be found in 157 A. L. R. 1353 (1945) and 107 A. L. R. 254 (1937).

The very able treatise of the law of wills, Page on Wills, Bowe-Parker Revision, § 26.49 (1961), is, in part, as follows:

''The difficulties which arise when two inconsistent wills are presented for probate, either at the same time, or at different times, grow out of disputed problems as to the jurisdiction of the probate courts, and as to their inherent power over orders which admit wills to probate.

''A court of probate powers has jurisdiction to pass upon the validity of a will, but not upon its construction. Whether a prior will is revoked by a later will depends, not only upon the validity of the later will, but, in many

cases at least, upon its construction. If the probate court has no power to construe either will, it would seem that it ought to admit both to probate if it found that they were properly executed by a testator who had capacity to execute them, leaving the question of construction, involving revocation, for the court before which such question might be presented in litigation. If this is the correct theory of the power of a court of probate jurisdiction, it would seem that such court would have power to admit a later will to probate, in spite of the fact that the earlier will had already been admitted to probate, and that the time for appeal or contest of such prior will had gone by; and it would seem that admitting both wills to probate at the same time would not determine whether the second will revoked the first or not.

"On the other hand, it is very generally said that an order admitting a will to probate determines its validity, including questions of revocation. If this means that the probate court has power to construe the second will in order to determine whether or not it revokes the first will, an order admitting the first will to probate must, in effect, find either that the second will is invalid, or that it does not revoke the first will by its terms.

"The other question involves the inherent power of a probate court to revoke its orders and decrees, including an order admitting a testament to probate. If such court has such inherent power, and the time within which it may be exercised is not limited by statute, the court may revoke the probate of the first will, in whole or in part, at any time; and it may then admit the second will to probate. If the probate court has no implied power to revoke an order admitting a will to probate, or if its power is limited by statute, and the time within which it may be exercised has elapsed, an order admitting the second will to probate operates as a collateral attack upon such probate in jurisdictions in which the

probate court has power to construe the wills so as to determine whether the second will revoked the first or not.''

In the case of Tucker v. Whitehead, 58 Miss. 762 (1881), it was decided by this Court that where a writing purported to be the last will and testament of a decedent has been probated in common form, it must be regarded in all collateral proceedings as the established will of the deceased, until overthrown in a direct proceeding. ▪ ▪ In the instant case we are of the opinion that the attempt to probate a will in common form in a new proceeding by an order attempting to set aside the previous order probating a previous will is a collateral attack, and we are of the further opinion that such an attack (probating another will in common form) cannot be made under the statutory procedure in Mississippi. *Cf.* Smith v. Smith, 185 Miss. 702, 188 So. 305 (1939); Cowden v. Dobyns, 5 S & M 82 (Miss. 1845).

▪ ▪ We have reached the conclusion from the foregoing authorities that where one will has been admitted to probate in common form under the laws of this State as the last will of a deceased testator, it will remain the last will of the testator unless (within the time allowed by law) it is set aside by an order of the chancery court upon a contest and issue devisavit vel non (Miss. Code Ann. § § 504 through 508 1942); or the will is modified because of a codicil admitted to probate by proper proceedings for that purpose, although this may require the court to reopen the former proceeding; or a later conflicting will is offered for probate in solemn form, in which all of the interested persons are made parties. (Miss. Code Ann. § 503 1942.) ▪ ▪ The first will admitted to probate may also be attacked by using the second will as evidence in a contest of the first will.

The order of the chancery court holding null and void the proceedings in the probate of the second will is correct and should therefore be affirmed without prejudice to the appellant to file such proceeding as he may deem proper, not inconsistent with this opinion.

Affirmed.

*Kyle, P. J., and Brady, Jones and Patterson, JJ.,* concur.