SUGG, Justice:
The will of S. T. Chapman, dated February 28, 1969 was admitted to probate in common form on June 22, 1970 by decree of the Chancery Court of Newton County, Mississippi. Proof of the execution of the will and the attestation thereof was made by affidavit as authorized by Section 499 of the Mississippi Code of 1942 Annotated (1956) which is as follows:
The affidavit of any subscribing witness to a will, made before and certified by any officer in the state competent to administer oaths, shall he received as a substitute for the personal attendance of the affiant to prove the will where there is no contest about it. (Emphasis added.)
The will as admitted to probate devised and bequeathed all of testator’s property to Bessie Bolton, Thomas Chapman, Eunice Sparkman, his children, and to the children of Virgie Wall, a deceased daughter of the testator. The will specifically provided that Horace Chapman and William Walter Chapman, the remaining two children of the testator, would not share in the estate because testator had made provision for them by conveying to them certain land.
Horace Chapman filed a petition to contest the will on the grounds that it was not signed by the testator; that it was not witnessed in the presence of S. T. Chapman *397 by either E. D. Chapman or H. D. Chapman, the subscribing witnesses; that at the time of the execution of the will S. T. Chapman was mentally incompetent, and that the will was executed as a result of the undue influence of William Walter Chapman and Thomas Chapman.
The court found that testator was mentally competent and that his will was signed and witnesses as required by section 657 Mississippi 1942 Annotated (1952). From this finding a.nd the decree based thereon, appellant perfected an appeal and argued three assignments of error as follows :
1. The lower court erred in refusing to admit into evidence the testimony of the two subscribing witnesses of the alleged will of S. T. Chapman on the grounds that the appellant was impeaching his own witness.
2. The court erred when it did not find for contestant and set said will aside for the reason that said will had not been properly signed and attested according to the statutes of the State of Mississippi.
3. The court erred when it did not find in favor of the appellant and did not set said will aside on the grounds that a presumption of undue influence had arisen as to the execution of said will and that this presumption had not been overcome in view of the fact that the proponents of said will failed to present any evidence or testimony whatsoever to the court.
The first two assignments of error will be considered together because they raise substantially the same issue.
As heretofore noted, the will was proved by the affidavit of the subscribing witnesses as authorized by statute. This is a substitute for the personal attendance of the attesting witnesses to prove a will where there is no contest about it.
In Bearden et al. v. Gibson, 215 Miss. 218, 60 So.2d 655 (1952) this Court held that in a will contest where proponents introduced the record of probate of a will in common form, it was not necessary that they go further and make proof of the will by having one of the subscribing witnesses present to testify.
The Court stated:
On the trial, the proponents introduced in evidence the entire record of the proceedings of the probate of the will in common form, and rested. The contestants then introduced evidence tending to show testator’s lack of testamentary capacity and that the will was the result of undue influence. After the contestants rested, the proponents introduced evidence rebutting the testimony of the contestants by others than the subscribing witnesses to the will. The burden of proof was on the proponents as to both issues, testamentary capacity and tmdue influence. Proponents met the burden of proof and made out a prima facie case by introducing the record of the probate of the will in common form.
Contestants contend that the proponents should have gone further and made the proof of the will by having one of the subscribing witnesses present to testify before the court. Section 498, Code of 1942, provides that “due execution of the will must be proved by at least one of the subscribing witnesses, if alive and a resident in the state and competent to testify.” Section 499, Code of 1942, provides that “The affidavit of any subscribing witness to a will, made before and certified by any officer in the state competent to administer oaths, shall be received as a substitute for the personal attendance of the affiant to prove the will where there is no contest about it.” Section 507, Code of 1942, provides that “On the trial of an issue made up to determine the validity of a will which has been duly admitted to probate, such probate shall be prima fa-cie evidence of the validity of the will.” Under this section, the prima facie case *398 made for proponents by the introduction of the proof of probate in common form extends to every aspect of the will touching upon its validity. Without more, the proponents have introduced sufficient evidence to sustain their burden of proof. Sheehan v. Kearney, 82 Miss. 688, 21 So. 41, 35 L.R.A. 102; Gathings v. Howard, 122 Miss. 355, 84 So. 240; O’Bannon v. Henrich, 191 Miss. 815, 4 So.2d 208; Hilton v. Johnson, 194 Miss. 671, 12 So.2d 524; Rice v. McMullen, 207 Miss. 706, 43 So.2d 195.
The appellants cite a number of authorities, among them being the case of Tyson v. Utterback, 154 Miss. 31 [sic] [381], 122 So. 496, 498. In this case the Court said: “And as we have already in effect said, but in order that nothing immediately next above stated may mislead, we repeat that the proof of due execution, and this includes every requisite element, may, if necessary, be made by others than any of the subscribing witnesses, although the subscribing witnesses must be produced, if possible. Helm v. Sheeks, 116 Miss. 726, 77 So. 820.” (Italics ours).
In view of this statement by the Court and the statement of counsel for appellants that the court file in Marshall County shows that the will had been probated in common form, we have made an examination of the Supreme Court record in this case. We find that although the will had been probated in common form, the probate in common form had been set aside upon the trial of the issue devisavit vel non for the reason that the proof of the will had been made in Memphis, Tennessee, before a Mississippi officer. All the other cases cited by appellants* on this point, with the exception of Maxwell v. Lake, 127 Miss. 107, 88 So. 326, 328, and including Helm v. Sheeks, supra, were cases where there had been no probate in common form. In the case of Maxwell v. Lake, supra, there had been a probate in common form but this question was not before the court. In that case, the Court said: “But on a contest involving the execution of the will between the heirs and the devisees, all of the witnesses should be produced to testify both as to the signature of the testator and as to his capacity,” and cited Helm v. Sheeks, supra. As stated, this question was not before the court and the court evidently overlooked the fact that in the case of Helm v. Sheeks, supra, there had been no probate in common form. At the most, the Court only said that the witnesses should be produced and not that they must be produced. Since the case of Maxwell v. Lake, supra, this Court has held consistently that the burden of proof is met by the probate of the will in common form. . . . (215 Miss, at 219-221, 60 So.2d at 656.) (Emphasis added.)
The rule that subscribing witnesses to a will that has been admitted to probate in common form should be produced has a logical basis because the affidavit of proof of due execution of a will authorized by Section 499, supra, is an ex parte statement of the subscribing witnesses. One who contests a will should be permitted to examine such witnesses as to all relevant matters pertaining to the execution of the will. Contestants, by such examination, should be permitted to inquire into the attendant facts and circumstances so that the court may ascertain if the will was properly signed and attested, if attestation be required, and if the testator was mentally competent and free of undue influence.
The affidavit of the subscribing witnesses constituting a part of the record on which the will was admitted to probate in common form and thus establishing pri-ma facie the validity of the will, constituted the testimony of the attesting witnesses for the proponent. The attesting witnesses thereby became witnesses for the proponent. Being such witnesses, the contestants were entitled to call them as adverse witnesses and to cross-examine them touching the execution of the will and other matters within their knowledge relative thereto.
*399 Appellant offered the two subscribing witnesses, and objection was made by ap-pellees to the testimony of H. G. Chapman, one of the subscribing witnesses. The objection and ruling of the court appear in the record as follows:
BY MR. ANDERSON:
We object to continuing on this line of testimony. This is before this Court on an Affidavit. He states what occurred on that occasion and he went before a Justice of the Peace and swore to it. He would like to impeach his own witness.
BY THE COURT:
I think the objection is well taken.
BY MR. MONROE:
I would like to make a record of his testimony.
BY MR. ANDERSON:
We object to that.
BY THE COURT:
Sustained.
BY MR. MONROE:
Would you let me make a record?
BY THE COURT:
I don’t see any justification for that.
BY MR. MONROE:
We will abide by the decision of the Court.
E. D. Chapman, the other attesting witness was then called when the following obj ections and rulings were made.
BY MR. ANDERSON:
Object to that as being contrary to the Affidavit.
BY THE COURT:
On June IS, 1970, Ed Chapman swore to the Affidavit that he signed this instrument in the presence of him and also in the presence of witnesses.
BY MR. ANDERSON:
Object to continuing this line of testimony or attempting to impeach his own witness.
BY THE COURT:
The objection is well taken.
It is apparent that the Chancellor did not consider any of the testimony of the attesting witnesses about the due execution of the will on the theory that they could not testify contrary to the affidavit previously signed by them.
The Court erred in ruling that appellant could not make a record of his intended proof. The court permitted some examination of the subscribing witnesses by appellant thereafter, bttt appellant was not allowed to fully develop all the facts and circumstances pertaining to the signature and attestation of the will.
Appellant was entitled to impeach the statements made by the subscribing witnesses in their affidavit which was the basis for admission of the will to probate in common form, even if such impeachment was made by their testimony.
In Clark v. Lansford, 191 So.2d 123 (Miss. 1966), this Court stated:
The court did not err in permitting complainants to impeach King, the notary public, whom they called as a witness. Ordinarily a party cannot impeach his own witness, since he vouches for his credibility. But the reason for this rule has no application where the calling of the witness is not voluntary. Accordingly, the party may impeach a witness whom he is compelled to call, or whom by legal intendment he cannot avoid calling, as in the case of an attesting or subscribing witness to a deed or a will, or a notarizing officer to a deed, as here. Hence, the witness whom a party is compelled by law to call is not generally re *400 garded as his witness, within the rule which prohibits one from impeaching his own witness. The compelled witness may be impeached in the same manner as any other. Little v. Sugg, 243 Ala. 196, 8 So.2d 866 (1942); Griffith, Miss. Chancery Practice, § 577 (2d ed. 1950); 58 Am.Jur., Witnesses, § 795 (1948); 98 C.J.S. Witnesses § 477 (1957). The limit and extent of this type of examination is in the discretion of the trial court. . . . (191 So.2d at 125.)
It appears that the testimony of the subscribing witnesses in the instant case, not only on the issue of the proper execution of the will, but also on the issue of the mental capacity of the testator, is important, because the parties stipulated as follows :
[T]he alleged Will of S. T. Chapman was dated February 28, 1969 and that he was 91 years old as of this date; that the said S. T. Chapman was in poor health and required regular care and attention; that he was suffering from arteriosclerosis and at times was lucid and at other times he was not lucid; . (Emphasis added.)
The third assignment of error raises the question of undue influence on the testator by two of his children.
There was no testimony of undue influence by Thomas Chapman, one of the devi-sees under the will, but the evidence as to fiduciary relationahip and undue influence was directed toward Walter Chapman who was not a devisee under the will.
The court was not in error in failing to set the will aside on the grounds of undue influence under the evidence adduced at the hearing. On retrial the issues presented by the pleadings shall be determined by the court on the basis of evidence then presented.
Reversed and remanded.
RODGERS, P. J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.