MOORE, J.,
for the Court:
¶ 1. Willie Belle Taylor (Taylor) died testate on July 15, 1994. Her will, executed September 27, 1990, was admitted to probate in common form in the Chancery Court of Copiah County, Mississippi on July 21, 1994. Maurice Beacham-Taylor (Beacham-Taylor) and Jesse Taylor filed a pro se contest of the will. After a bench trial in the Chancery Court in Copiah County on January 14, 1997, the court held the will to be valid, and entered the final judgment on January 17, 1997. Aggrieved by this judgment, Beacham-Taylor filed this appeal pro se. Beacham-Taylor has presented this Court with numerous issues on appeal, and they are summarized as follows
I. WHETHER THE LAST WILL AND TESTAMENT OF WILLIE BELLE TAYLOR MET ALL OF THE REQUIREMENTS OF MISSISSIPPI LAW REGARDING ITS VALIDITY AND EXECUTION.
II. WHETHER THE FACT THAT ONE OF THE WITNESSES TO THE WILL SERVED PART-TIME AS A COURT REPORTER, AND ONE OF THE ATTORNEYS DURING THE PROBATE PROCESS .SERVED PART-TIME REFEREE INVALIDATED THE WILL.
III. WHETHER THE EXECUTOR ACTED ARBITRARILY IN THE ADMINISTRATION OF THE ESTATE.
IV. WHETHER ALL ESSENTIAL WITNESSES WERE PRODUCED BY THE PROPONENT OF IN FULL COMPLIANCE WITH MISSISSIPPI LAW.
V. WHETHER THE COURT ERRED IN PROHIBITING THE AP *1286 PELLANT FROM TESTIFYING, ACCORDING TO THE RULES EXISTING AT THAT TIME.
VI. WHETHER THE APPELLANT RECEIVED A FAIR AND IMPARTIAL HEARING AND WHETHER ALL PROOF WAS RECEIVED UNDER THE RULES OF EVIDENCE.
¶ 2. There is an overall absence of evidence and legal authority to support these contentions. This Court affirms the lower court in holding that the will was executed properly, the testator was competent, and there was no evidence of undue influence.
STATEMENT OF THE FACTS
¶ 3. Willie Belle Taylor had been a client of the Armstrong law firm since 1965, and John T. Armstrong, Sr. (Armstrong) had drawn a series of three wills for Taylor over the years. The Armstrong law firm had a continuous attorney-client relationship with Taylor that consisted of other business besides will drafting. Taylor’s third and final will was executed on September 27, 1990, which is the subject of this will contest. None of the three wills named the contestant, Maurice Beacham-Taylor, as a beneficiary. This final will divided the majority of the property between Bennie M. Lewis, Jr. (Lewis) and Marion Jessie Taylor.
¶ 4. On or around September 19, 1990, Taylor contacted Armstrong by telephone to perform the legal services which resulted in this third and final will. Armstrong wrote down the information as Taylor gave it to him, leaving her real property to Lewis and Marion Jessie Taylor. Armstrong read the information back to Taylor to insure it was correct, and Taylor responded by telling him the writing was exactly as she wanted it. He then sent two of his office staff members, Mary Nell Anding (Anding) and Etta Pearl Ray (Ray), with the will and a power of attorney to Taylor’s house. Both Anding and Ray had known Taylor for years.
¶ 5. Anding testified that while they were at the house, Taylor took approximately forty-five minutes to read the will herself, and then Anding read it aloud to Taylor. Taylor told the two witnesses the will was stated how she wanted it. She then signed the will with both Anding and Ray in her presence. The two witnesses then attested the will in Taylor’s presence and in each other’s presence. Anding testified that Taylor knew what she was doing at this time and that she was competent. Anding also contended that she and Taylor had not discussed Lewis at all, and that he had absolutely nothing to do with the drafting of the will.
¶ 6. Dr. Fred McDonnell, a medical doctor and expert witness for the proponent Lewis, testified that Ray was diagnosed with Alzheimer’s disease in 1994 and was not competent to testify at trial.
¶ 7. Armstrong testified that Taylor was of sound mind and she knew what she was doing on the day she had this will drawn and signed. He also stated that over all the years of drafting Taylor’s three wills, she never once mentioned naming Beac-ham-Taylor or Louis Taylor beneficiaries.
¶ 8. Lewis testified that he knew nothing about the production of Taylor’s will. He had not used the Armstrong law firm as his attorney prior to the time the will in question was drafted, nor at the time the will was drafted. He testified that he never made any suggestions to Taylor about drafting a will, or mentioned anything about it to Armstrong. Lewis did not participate in the drafting of this will. He stated that Taylor had no mental problems, and she knew what she was doing at the time the will was drafted.
¶ 9. Beacham-Taylor was convicted of three counts of perjury from a previous trial and was therefore prohibited from testifying in this trial under the then existing Mississippi Rule of Evidence 601(b). He made no proffer as to his testimony.
*1287 ¶ 10. The lower court concluded that the will was valid, stating that the proponent, Lewis, introduced into evidence the record of the probate proceedings, thus making his prima facie case as to the validity of the will. At that time, the burden to present evidence shifted to the contestant, Beacham-Taylor. Beacham-Taylor would have had to present evidence to show that Taylor lacked the mental capacity to make a will, and/or that she was the subject of undue influence. Beacham-Taylor failed to present any evidence in support of his arguments. Therefore, Lewis proved beyond a preponderance of the evidence that Taylor was of sound and disposing mind at the time she executed her final will.
STANDARD OF REVIEW
¶ 11. In reference to factual findings made by the chancellor in the lower court proceedings, this Court must follow a particular standard of review. “This Court has repeatedly held that a chancellor may only be overturned where his judgment was manifestly wrong or there was not enough substantial, credible evidence to support his conclusions.” Estate of Tallant v. Tallant, 644 So.2d 1189, 1196 (Miss.1994). “Specifically, this standard of review has been applied by this Court in the will contest arena.” Id. at 1197; Estate of Blount v. Popps, 611 So.2d 862, 867 (Miss.1992); Collins By Smith v. McMurry, 539 So.2d 127, 129 (Miss.1989).
LAW AND ANALYSIS
¶ 12. It is well settled law in Mississippi that in a will contest the proponents of the will have the burden of persuasion on all issues requisite to the validity of a will, e.g., due execution and testamentary capacity. Clardy v. National Bank of Commerce of Mississippi, 555 So.2d 64, 66 (Miss.1989). Showing that the will was properly probated makes out the proponent’s prima facie case. Harris v. Sellers, 446 So.2d 1012, 1014 (Miss.1984). At this point, the burden of production shifts to the contestants. The contestants must present evidence to support their contention that the will is not valid. Id. If the contestants present no evidence, the proponent’s prima facie case stands, and the will will be found to be valid. Bigleben v. Henry, 196 Miss. 586, 17 So.2d 602, 603 (1944). Furthermore, the contestants may raise other issues, such as undue influence, but like the other grounds for invalidity, if the contestants do not present evidence to support the contention, the will may not be found invalid. Harris, 446 So.2d at 1014; Moore v. Parks, 122 Miss. 301, 331, 84 So. 230, 237 (1920).
¶ 13. The trial court stated that the contestants failed to present any evidence whatsoever to prove the invalidity of the will and therefore held for the proponents. This Court agrees. The chancellor’s holding was supported by substantial, credible evidence, and the decision was made without manifest error. Furthermore, all of the issues raised on appeal are without merit, and there was no evidence or legal authority mentioned by the appellant Beacham-Taylor which would support the argument of invalidity.
I. DID THE LAST WILL AND TESTAMENT OF WILLIE BELLE TAYLOR MEET ALL OF THE REQUIREMENTS OF MISSISSIPPI LAW REGARDING ITS VALIDITY AND EXECUTION?
¶ 14. This assignment of error regarding proper execution of the will is totally without merit. Beacham-Taylor, in making this contention, offers no evidence as to improper formation or execution of the will. Beacham-Taylor was not present at the execution of the will, and Anding, who was present at the execution, testified as to a proper procedure. There was no evidence offered to prove otherwise; *1288 therefore, contestant Beacham-Taylor failed to meet his burden to present such evidence.
II. DID THE FACT THAT ONE OF THE WITNESSES TO THE WILL SERVED PART-TIME AS A COURT REPORTER, AND ONE OF THE ATTORNEYS DURING THE PROBATE PROCESS SERVED PART-TIME AS A YOUTH COURT REFEREE, INVALIDATE THE WILL?
¶ 15. Appellant Beacham-Taylor offered no legal authority to support this contention that it was somehow unlawful for these two people, Anding and Ray, to be witnesses to this will. Mississippi follows the rule that if an assignment of error is made without any legal authority to support it, this Court will not consider the issue on appeal. Grey v. Grey, 638 So.2d 488, 491 (Miss.1994); Hunter v. State, 489 So.2d 1086, 1090 (Miss.1986); Ramseur v. State, 368 So.2d 842 (Miss.1979); Dozier v. State, 247 Miss. 850, 157 So.2d 798 (1963).
III. DID THE EXECUTOR ACT ARBITRARILY IN THE ADMINISTRATION OF THE ESTATE?
¶ 16. In a will contest, and accordingly, in an appeal as to such, there is only one main issue that is to be discussed and decided: devisavit vel non-vnR or no will. This is the issue of whether or not the will written by the testator is a valid will. Miss.Code Ann. § § 91-7-19, 91-7-21, 91-7-23 (Rev.1994). This will lead to a discussion concerning the specific requirements for a valid will: no undue influence, proper execution, and testamentary capacity. Other matters not related to this ultimate issue of the validity of the will should not be considered in a will contest. Genna v. Harrington, 254 So.2d 525, 527-28 (Miss.1971). Therefore, the issue of whether or not the executor acted arbitrarily in the administration of the estate is not an issue that should be considered in a will contest and is irrelevant as to the question of the validity of this will.
IV. DID THE PROPONENT OF THE WILL PRODUCE ALL ESSENTIAL WITNESSES IN COURT IN FULL COMPLIANCE WITH MISSISSIPPI LAW?
¶ 17. In Bearden et al. v. Gibson, 215 Miss. 218, 60 So.2d 655 (1952), “this Court held that in a will contest where proponents introduced the record of probate of a will in common form, it was not necessary that they go further and make proof of the will by having one of the subscribing witnesses present to testify.” Chapman v. Chapman, 264 So.2d 395, 397 (Miss.1972). In the present case, the proponent did introduce the record of probate, and this established the proponent’s prime facie case. Miss.Code Ann. § 91-7-27 (Rev.1994). Therefore, it was not necessary to present any of the witnesses to testify to establish the proponent’s prima facie case. If the will contest had reached the point where the contestant had produced evidence of the invalidity of the will, at this time the proponent could put on additional evidence to rebut the contestant’s case-in-chief. See, e.g., Genna, 254 So.2d at 527. In this case, no such case-in-chief was ever established by the contestant.
V. ACCORDING TO THE EXISTING RULES AT THE TIME OF THE TRIAL, DID THE COURT ERR IN NOT ALLOWING THE APPELLANT TO TESTIFY?
¶ 18. The lower court in the present case rendered its judgment on January 17, 1997. As of that date, Mississippi Rule of Evidence 601 stated that a person who had previously been convicted of perjury was incompetent to testify as a witness in any other actions. M.R.E. 601, cmt. In People v. Beacham, 50 Ill.App.3d 695, 8 Ill.Dec. 499, 365 N.E.2d 737 (1977), Beacham-Taylor was convicted of three counts of perjury. Therefore, on the date of this present trial, January 17, 1997, Beacham- *1289 Taylor was incompetent to testify as to the invalidity of the will. Beacham-Taylor contends that he should have had the right to testify at the will contest under Rule 601 as it is stated today.
¶ 19. On October 23, 1997, the Mississippi Supreme Court changed Rule 601 in Fuselier v. State, 702 So.2d 388 (Miss.1997). Since Fuselier, Rule 601 no longer contains the section that precluded convicted perjurers from testifying in future actions. It was completely expunged from the rule. Neither Rule 601, the comment to this rule, nor Fuselier states that this amendment to Rule 601 will have retroactive effect. In fact, in Fuselier the supreme court states, “From now on, we will abandon the old M.R.E. 601, precluding testimony from convicted perjurers -” Fuselier, 702 So.2d at 394. This rule is to have prospective effect as of October 23, 1997. Rule 601, including the section precluding convicted perjurers from testifying, was the rule on January 17, 1997; therefore, this is the rule to be applied by this Court on appeal. Beac-ham-Taylor was correctly denied the right to testify.
¶ 20. As brought forth by the proponent, even if this Court were to interpret the amendment to Rule 601 to have retroactive effect, Beaeham-Taylor’s assignment of error would still be without merit. Beac-ham-Taylor waived this error by failing to proffer his testimony. “This Court has repeatedly held that ‘when testimony is excluded at trial, a record must be made of the proffered testimony in order to preserve the point for appeal.’ ” Evans v. State, 725 So.2d 613, 669 (Miss.1997) (citing Gates v. State, 484 So.2d 1002, 1008 (Miss.1986)). No proffer as to Beacham-Taylor’s testimony was made; therefore, the issue is waived on appeal.
VI. DID THE APPELLANT RECEIVE A FAIR AND IMPARTIAL HEARING AND WAS ALL PROOF RECEIVED UNDER THE RULES OF EVIDENCE?
¶ 21. Appellant Beacham-Taylor offered no legal authority to support this general assignment of error. As stated earlier in this opinion, Mississippi follows the general rule that if an assignment of error is made without legal authority to support the argument, it will not be considered on appeal. Grey, 638 So.2d at 491; Hunter, 489 So.2d at 1090. Therefore, this assignment of error is also without merit.
¶ 22. The 1990 will of Taylor was valid, and the lower court did not commit error in its holding. Furthermore, all issues raised by appellant Beacham-Taylor are without merit. Accordingly, this Court affirms the judgment of the lower court.
¶ 23. THE JUDGMENT OF THE CO-PIAH COUNTY CHANCERY COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, LEE, PAYNE, AND THOMAS, JJ., CONCUR. IRVING, J., NOT PARTICIPATING.