570 So.2d 1202 (1990)
In re Last WILL and Testament OF Lott FIELDS.
Ledora FIELDS, Connie Fields Duck and Willie George Fields
v.
Betty Jean Fields HARRIS, Executrix of the Estate of Lott Fields, Deceased.
No. 89-CA-0578.
Supreme Court of Mississippi.
November 7, 1990.
Paul R. Knighten, Columbus, for appellant.
J. Tyson Graham, Graham & Segrest, Columbus, for appellee.
Before ROY NOBLE LEE, C.J., and ROBERTSON and SULLIVAN, JJ.
ROBERTSON, Justice, for the court:
Lott Fields departed this life on April 19, 1983, having a fixed place of residence in Lowndes County, Mississippi. On September 28, 1983, Fields' daughter, Betty Jean Fields Harris, filed in the Chancery Court of Lowndes County a petition for probate of will. Harris exhibited a writing purporting to be the last will and testament of Lott Fields, duly executed by him on August 22, 1977, and otherwise complete and regular on its face. In this will Fields devised to Harris forty-six (46) acres of land Fields owned in Crawford, Mississippi, but left the rest of his estate to pass under the laws of descent and distribution. Miss. Code Ann. §§ 91-1-3, et seq. (1972 and Supp. 1989).
*1203 The Chancery Clerk of Lowndes County admitted the will to probate in common form on September 28, 1983. See Weems, Wills and Administration of Estates in Mississippi 162 (1988); Morse, Wills and Administration in Mississippi 129-131 (1968). A month later, on October 27, 1983, the Chancery Court entered an order approving the acts of the Clerk in vacation. Notice to creditors was published and thereafter the estate file became inactive.
In 1989 another will surfaced. On April 10, 1989  some five years, 194 days after entry of the decree admitting the first will to probate  Ledora Fields (Ledora Ivory Fields), Lott Fields' widow, and two of their children, Connie Fields Duck and Willie George Fields, filed a petition to revoke probate of will and to probate subsequent will, and exhibited to their petition a will Fields purportedly made on October 20, 1977  fifty-nine (59) days after the date of the execution of the first will. This second will
(a) granted a life estate to Ledora Ivory Fields in one (1) acre of land, the family homestead;
(b) devised the forty-six (46) acres (except the one acre life estate) to his three children, Connie Fields Duck, Betty Jean Fields Harris and Willie George Fields, share and share alike;
(c) devised some thirty (30) acres owned in the southeast quarter of the southeast quarter of section 11, township 19, range 18 west, Lowndes County, Mississippi, to Connie Fields Duck and Willie George Fields, share and share alike.
This second will bears Lott Fields' signature and appears to have been duly executed and properly witnessed and is otherwise complete and regular on its face.
Betty Jean Fields Harris objected to this second petition and invoked our familiar two year statute of limitations. Miss. Code Ann. § 91-7-23 (1972) provides:
Any person interested may, at any time within two years, by petition or bill, contest the validity of the will probated without notice; and an issue shall be made up and tried as other issues to determine whether the writing produced be the will of the testator or not. If some person does not appear within two years to contest the will, the probate shall be final and forever binding, saving to infants and persons of unsound mind the period of two years to contest the will after the removal of their respective disabilities. In case of concealed fraud, the limitation shall commence to run at, and not before, the time when such fraud shall be, or with reasonable diligence might have been, first known or discovered. (Emphasis added)
On April 13, 1989, the Chancery Court held that the statute of limitations barred probate of the second will, and soon thereafter the Court entered a final decree closing the estate and finally recognizing the August 22, 1977, will.
Ledora Ivory Fields, Connie Fields Duck and Willie George Fields appeal to this Court where the question centers around the meaning of the word "probate"[1] within Section 91-7-23. All agree that the statute provides a two year limitations period, but appellants argue that this period runs only from the date upon which the estate is closed. Our case law is well settled to the contrary. Without further ado, we hold the word "probate" within the statute refers to the act of the clerk accepting the will for probate which, in this instance, occurred on September 28, 1983. In re Estate of Davis, 510 So.2d 798, 800 (Miss. 1987); Rush v. Rush, 360 So.2d 1240, 1243 (Miss. 1978); In re Estate of Stanback, 222 So.2d 660, 663 (Miss. 1969); Perry v. Aldrich, 251 Miss. 429, 169 So.2d 786, 788-89 (Miss. 1964); Schlottman v. Hoffman, 73 Miss. 188, 18 So. 893, 895 (1895); Weems, Wills and Administration of Estates in Mississippi 162, 179 (1988 and Supp. 1989); cf. Matter of Estate of Philyaw, 514 So.2d 1232, 1236-37 (Miss. 1987).
*1204 Estate of Davis holds the two-year period runs from the date the clerk admits the will to probate, not from the later date when the chancery court approves the clerk's acts in vacation. 510 So.2d at 799. So construed, the statute gave appellants only until September 28, 1985, within which to present any contest or to seek probate of any new will. Their petition comes some three and a half years late.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.
PRATHER, J., dissents with separate written opinion joined by DAN M. LEE, P.J.
PRATHER, Justice, dissenting:
I respectfully dissent from the majority view interpreting the claim of the widow and children to be time barred by the statute of limitations under Miss. Code Ann. § 91-7-23 (1972).
It is my conclusion that there has been no entry of a final judgment probating the will in this estate, from which date the statute of limitation would run. The estate was opened by the Chancery Clerk admitting to probate the first will of Lott Fields, and, a month subsequent, the chancellor entering a general order approving the acts of the Chancery Clerk performed in vacation. This is a very routine procedure without notice to any interested parties. The probate of the will in common form, as in this case, is an ex parte proceeding without the giving of notice to the interested parties and is an initial step enabling the court to carry the will into execution. Perry v. Aldrich, 251 Miss. 429, 169 So.2d 786 (1964). The admission to probate creates prima facie evidence of the will's validity until proceedings are instituted to contest it. Trotter v. Trotter, 490 So.2d 827 (Miss. 1986); Kelly v. Davis, 37 Miss. 76 (1859). Since the admission of the will is only a prima facie evidence of its validity, it does not preclude the heirs-at-law from contesting the will within "two years in the manner prescribed by the statute, since they were not made parties to the petition for the probate thereof." Williams v. McClain, 180 Miss. 6, 176 So. 717 (1937).
This decision interprets what the "manner prescribed by the statute" means. The majority concludes that the clerk's probate of the will and the chancellor's general order of approval initiates the running of the statute of limitation of action. I conclude otherwise. It is my view that:
(1) This Court has held that the clerk's action admitting a will to probate is only an initial step to carry the will into execution;
(2) This Court's decisions have held that the clerk's actions only create prima facie evidence of the will's validity;
(3) The statute does not state from what point the statute of limitation begins to run;
(4) This Estate is still open and pending with no inventory, appraisal of assets, widow's allowance or accountings (annual or final) having been filed, and
(5) No final judgment has been entered adjudging the validity of the probated will, and closing the estate, after notice to the heirs-at-law and beneficiaries. The validity of the first will has been timely challenged while the estate is still pending. I therefore conclude that there has been no final "probate" of the will by the Court to invoke the running of the statute of limitations.
This view expressed is in line with my views expressed in a dissenting opinion in Matter of Estate of Philyaw, 514 So.2d 1232 (Miss. 1987). In both cases the claims of litigants in estate proceedings have been denied by this Court's interpretation of when a judgment became final. In both cases it is my view that the running of the two-year statute of limitations begins to run with entry of a final judgment. Since a final judgment has not been entered here, I respectfully dissent.
DAN M. LEE, P.J., joins this opinion.
NOTES
[1] For a useful discussion of "admitted to probate," definitional in nature, see Haynes, The Commencement of Estate Proceedings in Probate Law and Practice 134-36 (Eighteenth Mississippi Law Institute, 1963).