IN THE SUPREME COURT OF MISSISSIPPI

NO. 2005-CT-00011-SCT


*IN THE MATTER OF THE ESTATE OF*
*ALVARADO H. KELLY, DECEASED: WILLIAM*
*KELLY*

*v.*

*SARAH D. CUEVAS*

ON WRIT OF CERTIORARI

DATE OF JUDGMENT:               12/02/2004
TRIAL JUDGE:                    HON. MARGARET ALFONSO
COURT FROM WHICH APPEALED:      HANCOCK COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:         FLOYD J. LOGAN
ATTORNEY FOR APPELLEE:          NICHOLAS M. HAAS
NATURE OF THE CASE:             CIVIL - WILLS, TRUSTS, AND ESTATES
DISPOSITION:                    THE JUDGMENT OF THE COURT OF
                                APPEALS IS AFFIRMED IN PART AND
                                REVERSED IN PART.  THE JUDGMENT OF
                                THE HANCOCK COUNTY CHANCERY
                                COURT IS AFFIRMED - 01/18/2007

MOTION FOR REHEARING FILED:
MANDATE ISSUED:

EN BANC.

COBB, PRESIDING JUSTICE, FOR THE COURT:

¶1.     Faced with a challenge to its jurisdiction filed by William R. Kelly, Sr. (Kelly), the

Hancock County Chancery Court found that the will of Alvarado H. Kelly (decedent) was

a foreign will governed by Miss. Code Ann. Section 91-7-33 (Rev. 2004) which authorizes

the probate of a foreign will in Mississippi courts if it affects or disposes of property within this state. The trial court concluded it had jurisdiction based upon personal property the decedent was presumed to have had in Mississippi at the time of his death. The Court of Appeals affirmed the chancery court's judgment, but remanded for a specific finding as to what personal property was located in the state. Because the incorrect law was applied by the trial court in its analysis, and accepted by the Court of Appeals, we granted certiorari and reviewed all issues. We conclude that the decedent's will was not a foreign will, but rather was a domestic will, sounding in Mississippi law, executed by the decedent in 1992 in Hancock County, Mississippi, where he had resided in a residential care facility for more than 25 years, and where he died. As such, it was duly admitted for probate in common form by Executrix Sarah D. Cuevas, and all statutory requisites were met. There is no question that the trial court had subject matter jurisdiction. No final judgment was entered specifically regarding the common form probate, because Cuevas subsequently filed a second complaint in the same case, for probate in solemn form, and the final judgment from which this appeal arises is based upon it.

¶2.     We affirm the trial court's denial of Kelly's Motion to Dismiss for Lack of Jurisdiction, and its granting of Cuevas's Motion for Judgment on the Pleadings. We are mindful that this is a harsh result, but the record reveals that Kelly had actual knowledge of the will (naming Cuevas as beneficiary and not including Kelly) and of its probate in both common and solemn form, no later than 92 days after the decedent's death. Yet he did not

2

respond in the Mississippi proceedings in any way, by special appearance or otherwise, until more than three years after the chancellor had entered her judgment adjudicating Cuevas to be "the sole devisee and legatee of the decedent, Alvarado H. Kelly."

¶3.     Instead, Kelly chose to file and pursue a Petition for Administration of the decedent's estate (intestate) in the Hillsborough County, Florida, Circuit Court, and actually attached a copy of the decedent's Mississippi will to his petition there, which was filed seven weeks after Cuevas filed her initial complaint to probate the will in common form in Mississippi. Ultimately, the Florida Supreme Court, on August 25, 2004, denied review of the Florida Second District Court of Appeal's finding that "[b]arring any other deficiency, the Mississippi Judgment was entitled to full faith and credit in Florida. . . . [and] the Mississippi Court had jurisdiction to commence the probate proceedings."

## FACTS AND PROCEEDINGS IN TRIAL COURT

¶4.     In December of 1960, the decedent was declared mentally incapacitated and was committed to a Veterans' Administration (V.A.) medical facility in that state. In September of 1961, he was transferred to Gulfport, Mississippi, and in January, 1975, came to reside at a V.A.-approved residential care home operated by Sarah D. Cuevas. Payments for Cuevas's services were made monthly out of a guardianship account that has at all times remained in Florida.

¶5.     Alvarado Kelly lived in Cuevas's care home in Hancock County, Mississippi, until his death on November 1, 2000. On November 8, Cuevas filed the complaint, the decedent's

3

will, and the various documents required for admitting the will for probate in common form. The will instructed that Cuevas be appointed executrix, and stated in part: "I give, devise and bequeath all my property real, personal, and mixed to: Sarah D. Cuevas . . . [m]ore specifically, my personal property located in the Sun Trust Bank, P.O. Box 1498, Tampa Florida 33601." In the Judgment Appointing Executrix, which declared Cuevas executrix and sole devisee, and admitted the will to probate, the chancery court "adjudicate[d] that it ha[d] jurisdiction of the parties and the subject matter."

¶6.     Seven weeks later, on December 27, 2000, Kelly, the decedent's brother, filed a petition for intestate administration of the decedent's estate with the clerk of the Circuit Court for Hillsborough County, Florida. Kelly's complaint included sworn allegations that the decedent was domiciled in Hillsborough County until the date of his death. Additionally, the complaint asserted that all of the decedent's assets were located in Florida, "other than clothing and personalty of nil value." Kelly did not file a caveat, or otherwise contest the common form proceedings already filed in the Mississippi chancery court. There is no question, however, that he had actual knowledge of the 1992 will, as he attached a copy to his petition in the Hillsborough County Circuit Court, in which he stated:

> Petitioner is unaware of any unrevoked Wills or Codicils of decedent, other than a purported document, a true copy of which is attached hereto as EXHIBIT C. Petitioner is without knowledge as to whether EXHIBIT C was in fact executed by the decedent in accordance with the formalities of law. Petitioner states that if said document was executed by the decedent, the decedent at all time material, was a person judicially declared to be incapacitated and lacked testamentary capacity necessary to execute a will.

4

The petition went on to allege there was a confidential relationship and undue influence between the care giver, Cuevas, and the decedent.

¶7. On January 24, 2001, Cuevas filed a complaint to admit the decedent's will to probate in solemn form in the Hancock County, Chancery Court. The complaint recited that the decedent was a resident of Hancock County, that he had resided there for more than thirty years, and that he died a resident thereof. Kelly was personally served with a Rule 4 summons on January 31, 2001. He did not file a response to the complaint and the chancery court entered a judgment on March 9, 2001, ruling that Cuevas was the decedent's sole devisee and legatee.

¶8. On April 12, 2001, the Hillsborough County Circuit Court entered an order finding that the Florida courts had jurisdiction over the administration of the decedent's estate, as he was domiciled in Florida at the time of his death, and his bank accounts were located in Florida. The circuit court also granted letters of administration to Kelly. The Florida District Court of Appeal, however, reversed the decision of the circuit court on March 29, 2004, holding that full faith and credit should be given to the judgment of the Mississippi chancery court. **Cuevas v. Kelly**, 873 So. 2d 367 (Fla. Dist. Ct. App. 2004), *review denied, **Kelly v. Cuevas***, 882 So. 2d 385 (Fla. 2004).

¶9. On April 6, 2004, Kelly made a special appearance in the Hancock County Chancery Court and filed a motion to dismiss for lack of jurisdiction. The court subsequently

5

determined that Miss. Code Ann. Section 91-7-1[1] "cannot be construed to require that a testator be domiciled in Mississippi, as Counsel for Kelly argues, since the plain language of the statute is 'fixed place of residence.'" Erroneously relying on the foreign will statute, Miss. Code Ann. Section 91-7-33, the court found then that Mississippi "has jurisdiction to probate the wills of non-domiciliaries provided that any of their real or personal property was located here at the time of death." Concluding that the decedent could not have resided in Hancock County for thirty years without leaving behind some clothing or personal items, the chancery court thus found that jurisdiction was proper under Section 91-7-33, stating that "[t]he Court finds that the central jurisdictional fact is not domiciliary intent but whether the will affects or disposes of property within Mississippi." It thereafter denied the motion to dismiss and granted Cuevas's motion for judgment on the pleadings in accordance with Rule 12(c) of the Mississippi Rules of Civil Procedure.

## PROCEEDINGS IN THE COURT OF APPEALS

¶10. On appeal, the Court of Appeals affirmed the chancery court, erroneously finding that the decedent's will was foreign, and as such, jurisdiction was rightfully asserted based upon the belief that the decedent had some personal property located in the state. *Kelly v. Cuevas*, 2005 Miss. App. LEXIS 995, *8-9 (Miss. Ct. App. 2005). It further found that Miss. Code

---

[1] This is the venue statute for proof of wills which provides in pertinent part:"[w]ills shall be proved in and letters testamentary granted by the chancery court of the county in which the testator had a fixed place of residence . . . If . . . no fixed place of residence and personal property only be disposed of by the will, it may be proved in and letters granted. . . . [in] the county where the testator died, or of the county in which some of the property may be." Miss. Code Ann. § 91-7-1 (Rev. 2004).

Ann. Section 91-7-33 sets no requirements as to the value or amount of the property, and remanded to the trial court "for a specific finding of the personal property located in Mississippi". *Id.* at *13. We reverse this portion of the Court of Appeals' judgment.

¶11.    However, the Court of Appeals correctly held that jurisdictional facts do not have to be pled when probating the will in common form, stating that Cuevas satisfied all requirements by "attach[ing] the original will to the petition, as well as affidavits of the two attesting witnesses stating that the decedent was of sound and disposing mind at the time he executed his will. *Id.* at *9-10. The Court of Appeals correctly determined that the solemn form proceeding was defective as Kelly was served with Rule 4 summons instead of the Rule 81 service of process required by the Mississippi Rules of Civil Procedure. *Id.* at *13. The court also correctly concluded that the two-year statute of limitations under the common form proceeding had run, thus constituting a final judgment in favor of Cuevas. *Id.* at *9-10. We agree with its succinct summary of the situation:

> [E]ven though the solemn form probate decree is invalid due to the Rule 4 summons, the chancery court had jurisdiction of the common form probate proceeding and no caveat objecting to the probate was filed. Thus the two-year limitations period for contesting a will admitted to probate in common form has passed, and the probate in common form is now "final and forever binding."

*Id* at *13.

## ANALYSIS

### I. Standard of Review

¶12.    Jurisdiction is a question of law which this Court reviews de novo. ***Briggs & Stratton***

***Corp. v. Smith***, 854 So. 2d 1045, 1048 (Miss. 2003); ***Rogers v. Eaves***, 812 So. 2d 208, 211 (Miss. 2002).

## II. Subject Matter Jurisdiction

¶13. Under Mississippi law, there are two different types of probate proceedings: common form and solemn form. In order to probate a will in solemn form, all interested parties must be properly served with a Rule 81 summons. M.R.C.P. 81(a)(8) and (d)(1). Because Cuevas served Kelly with a Rule 4 summons, the Court of Appeals properly found the solemn form proceeding void for lack of notice. ***Kelly***, 2005 Miss. App. LEXIS 995, at *11. Further, pursuant to Rule 81(d)(3), complaints filed to probate wills in solemn form shall not be taken as confessed, so the March 9, 2001, judgment entered by the trial court was defective. The common form proceeding is therefore the proper subject of our analysis.

¶14. Kelly argues that Rule 8 of the Mississippi Rules of Civil Procedure and Section 91-7-1 required Cuevas to include the basis for the chancery court's jurisdiction in her petition to probate the will in common form. As Cuevas failed to plead that decedent was domiciled in the state but rather stated that he was a "resident citizen," Kelly contends that the chancery court did not have subject matter jurisdiction to probate the will.

¶15. Subject matter jurisdiction is the power of the court to hear and determine cases in the general class to which the particular case belongs. ***Will of Case v. Case***, 246 Miss. 750, 758, 150 So. 2d 148 (1963). In Mississippi, chancery courts are vested with subject matter jurisdiction in all matters testamentary. Miss. Const. art. 6, § 159(c). In this case, the will

was probated in the Hancock County Chancery Court as the last will and testament of a Mississippi resident. Although the decedent's domiciliary status could have been challenged by Kelly, it was not, and now is time-barred. Subject matter jurisdiction is therefore proper here.

¶16. In a common form probate proceeding, a proponent makes a prima facie case by simply producing the will and affidavits from the two attesting witnesses verifying that the will was duly executed and the decedent had testamentary capacity. **Moore v. Parks**, 122 Miss. 301, 318, 84 So. 230 (1920). Cuevas submitted these documents to the court along with the will; she was not required to produce any additional pleadings. *See Bearden v. Gibson,* 215 Miss. 218, 219, 60 So. 2d 655 (1952).

¶17. There is no foreign will involved in this case, and the fact that the decedent was a resident of Hancock County, Mississippi, at the time of his death was not timely disputed. Thus, both the trial court and the Court of Appeals erred to the extent that they found the decedent's will to be a foreign will.

### III. Conclusion

¶18. As Kelly failed to appear and protect his rights within the two years provided under Miss. Code Ann. § 97-1-23, he is statutorily barred from contesting the validity of the will probated in common form. The only exception to this long established two-year limitation is where concealed fraud is proven, and in the present case, Kelly knew of the Mississippi will and that it had been filed for probate in Mississippi more than three years before he

9

attempted to contest it. Thus there was no concealment from the only person who could have raised this issue. Without a timely challenge from Kelly, the Chancellor was within her rights to grant the judgment on the pleadings based on the documents filed for probate in common form. Accordingly, we affirm the chancery court judgment and the Court of Appeals' judgment except we reverse the Court of Appeals' judgment to the limited extent that it remanded this case for a finding of the personal property located in Mississippi.

¶19.   **THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED IN PART AND REVERSED IN PART.  THE JUDGMENT OF THE HANCOCK COUNTY CHANCERY COURT IS AFFIRMED.**

**SMITH, C.J., WALLER, P.J., EASLEY, CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR.  DIAZ, J., CONCURS IN RESULT ONLY.  GRAVES, J., NOT PARTICIPATING.**