# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2019-CA-01011-SCT

*IN THE MATTER OF THE LAST WILL AND
TESTAMENT OF GEORGE BEN RATCLIFF,
DECEASED: AMANDA RATCLIFF BOYD,
GEORGE BEN RATCLIFF JR. AND JOHN
MICHAEL EATON*

*v.*

*PATRICIA DIANE RATCLIFF SMITH*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/17/2019 |
| TRIAL JUDGE: | HON. DEBBRA K. HALFORD |
| TRIAL COURT ATTORNEYS: | WAYNE DOWDY |
| | JOSEPH M. STINSON |
| COURT FROM WHICH APPEALED: | WALTHALL COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANTS: | WAYNE DOWDY |
| ATTORNEY FOR APPELLEE: | JOSEPH M. STINSON |
| NATURE OF THE CASE: | CIVIL - WILLS, TRUSTS, AND ESTATES |
| DISPOSITION: | AFFIRMED - 04/29/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## CONSOLIDATED WITH

## NO. 2019-CA-01012-SCT

*IN THE MATTER OF THE LAST WILL AND
TESTAMENT OF GEORGE BEN RATCLIFF,
DECEASED: AMANDA RATCLIFF BOYD,
GEORGE BEN RATCLIFF JR. AND JOHN
MICHAEL EATON*

*v.*

*PATRICIA DIANE RATCLIFF SMITH*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/17/2019 |
| TRIAL JUDGE: | HON. DEBBRA K. HALFORD |
| COURT FROM WHICH APPEALED: | WALTHALL COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANTS: | WAYNE DOWDY |
| ATTORNEY FOR APPELLEE: | JOSEPH M. STINSON |
| NATURE OF THE CASE: | CIVIL - WILLS, TRUSTS, AND ESTATES |
| DISPOSITION: | AFFIRMED - 04/29/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**COLEMAN, JUSTICE, FOR THE COURT:**

¶1.    The case *sub judice* is an appeal of two matters from the Chancery Court of Walthall County.  They have been consolidated here.  In the first, Amanda Boyd and George Ben Ratcliff Jr. (George Ben Jr.) filed a complaint challenging an *inter vivos* gift of real property to Patricia Smith, which ended in the trial court's grant of summary judgment to Smith. Boyd and George Ben Jr. appeal the trial court's grant of summary judgment in Smith's favor.  In the second, the trial court granted summary judgment to Patricia Smith in a will contest filed by Boyd and her brother George Ben Jr.  The trial court granted summary judgment pursuant to Mississippi Code Section 91-7-23 (Rev. 2018), which provides a two-year statute of limitations to contest a probated will.

FACTS AND PROCEDURAL HISTORY

¶2.    George Ben Ratcliff Sr. (George Ben Sr.) died on October 15, 2013. Before his death, George Ben Sr. signed a warranty deed conveying all of his real and personal property to his

2

daughter Smith. On November 6, 2014, George Ben Sr.'s other children, Amanda Boyd and George Ben Jr., filed a complaint seeking to set aside the warranty deed. The complaint alleged fraud, duress, undue influence, and incapacity of the grantor. On April 8, 2015, Smith filed a Petition for Probate of the Last Will and Testament of George Ben Ratcliff and for Letters Testamentary, seeking to probate a will created by George Ben Sr. on July 3, 2013. Smith attached a copy of the 2013 will to her Petition for Probate. On April 30, 2015, the chancellor entered an order admitting the 2013 will for probate. Indeed, the chancellor's 2015 order specifically and with detail admitted the 2013 will, and no other, to probate. However, years later, Smith discovered that, inadvertently, she had delivered an original 2009 will to the chancery clerk—instead of the original 2013 will—for "safekeeping," as the chancellor called it in the order admitting the 2013 will for probate.

¶3.     On June 6, 2018, Smith filed a motion to dismiss the complaint seeking to set aside the warranty deed, and, in the alternative, for summary judgment. Smith claimed that the warranty deed was moot because the 2013 will had been admitted for probate for more than two years without challenge, and the deed and the will conveyed the same property. After the filing of the motion for summary judgment, the clerk of the court notified Smith that the original of the 2013 probated will had not been filed with the clerk. A will from 2009 had been mistakenly filed with the clerk instead of the 2013 will. Smith filed the 2013 will to correct the error. On November 29, 2018, Boyd and George Ben Jr. contested the 2013 will under Mississippi Code Section 91-7-21 (Rev. 2018). The cases were consolidated, and the trial court dismissed the will contest, finding under Section 91-7-23 that the statute of

3

limitations had run and that the will contest was procedurally barred. The trial court also granted summary judgment on the complaint seeking to set aside the warranty deed, finding the issue to be moot because the warranty deed conveyed the same property as the 2013 will. Boyd and George Ben Jr. appeal.

## STANDARD OF REVIEW

¶4. "The Court applies a de novo standard of review to statutes of limitation." ***Am. Optical Corp. v. Estate of Rankin***, 227 So. 3d 1062, 1067 (¶ 19) (Miss. 2017) (citing ***Phillips 66 Co. v. Lofton***, 94 So. 3d 1051, 1059 (¶ 12) (Miss. 2012)). Additionally, the "Court reviews the grant or denial of summary judgment de novo." ***Tippah Cnty. v. LeRose***, 283 So. 3d 149, 150 (¶ 6) (Miss. 2019) (citing ***Miss. Dep't of Revenue v. AT & T Corp.***, 202 So. 3d 1207, 1213 (¶ 15) (Miss. 2016)).

## DISCUSSION

¶5. Boyd and George Ben Jr. argue that Smith's failure to join them in the will-probate proceeding amounts to concealed fraud. Additionally, Boyd and George Ben Jr. argue that, as to the will contest, the two-year limitations period did not begin to run on the date the chancellor ordered that the 2013 will be admitted for probate because Smith submitted the wrong original will—the 2009 will—to the chancery clerk for filing.

I. **The chancellor did not err by finding that joinder of parties is not required for probate of a will in common form.**

¶6. Boyd and George Ben Jr. argue that Smith's failure to join them as necessary parties amounted to concealed fraud, tolling the statute of limitations. However, Boyd and George Ben Jr. did not allege concealed fraud in the trial court. The Court has held that for an issue

4

to be considered on appeal, it must first have been considered by the trial court. *Fowler v. White*, 85 So. 3d 287, 293 (¶ 21) (Miss. 2012). The Court stated:

> We have been consistent in holding that we need not consider matters raised for the first time on appeal, which practice would have the practical effect of depriving the trial court of the opportunity to first rule on the issue, so that we can then review such trial court ruling under the appropriate standard of review.

*Id.* (quoting *Alexander v. Daniel*, 904 So. 2d 172, 183 (¶ 26) (Miss. 2005)).

¶7. The issue of whether concealed fraud tolled the statute of limitations is procedurally barred. Regardless of the procedural bar, joinder of parties is not required for probate of a will in common form.

¶8. Mississippi Code Section 91-7-23 states the following:

> Any person interested may, at any time within two years, by petition or bill, contest the validity of the will probated without notice; and an issue shall be made up and tried as other issues to determine whether the writing produced be the will of the testator or not. If some person does not appear within two years to contest the will, the probate shall be final and forever binding, saving to infants and persons of unsound mind the period of two years to contest the will after the removal of their respective disabilities. In case of concealed fraud, the limitation shall commence to run at, and not before, the time when such fraud shall be, or with reasonable diligence might have been, first known or discovered.

Miss. Code Ann. § 91-7-23 (Rev. 2018).

¶9. "[T]he heirs at law who would take the property of the deceased in the absence of a valid will are interested parties and are necessary parties . . . ." *Williams v. Estate of Winding (In re Will of Winding)*, 783 So. 2d 707, 709 (¶ 8) (Miss. 2001) (alterations in original) (internal quotation marks omitted) (quoting *Hoskins v. Holmes Cnty. Cmty. Hosp.*, 135 Miss. 89, 99 So. 570, 573 (1924)). Additionally, "parties to an earlier will are necessary

5

parties to a later will contest." *Id.* (citing *Schneider v. Schneider (In re Estate of Schneider)*, 585 So. 2d 1275, 1277 (Miss. 1991)). However, the Court has stated:

> Since the will was admitted to probate in common form, the only duties were to notify the parties named in the will (as they take under the will) and give 90 day notice to creditors, both of which were done. Anyone else is not a party to a common form probate, unless they petition for will contest within the statutorily prescribed time limit. Miss. Code Ann. § 91-7-23 (1994).

*Id.* at 711 (¶ 14).

¶10. The case *sub judice* is "a matter of clear statutory language." *Id.* (¶ 15). If the issue were one of intestate succession or a will contest, Boyd and George Ben Jr. would be necessary parties. However, since the will was admitted to probate in common form, Smith was not required to give notice to anyone who was not named in the will. There was no will contest until after the will was probated, at which point it was too late to contest the will.

¶11. Accordingly, the chancellor did not err by finding that Boyd and George Ben Jr. were not necessary parties to be joined in the probate of the will in common form.

## II. The chancellor did not err by finding that the two-year statute of limitations expired prior to the filing of the will contest.

¶12. Boyd and George Ben Jr. argue that because Smith failed to submit the original 2013 will to the chancery clerk for filing the statute of limitations should have been tolled. Mississippi Code Section 91-7-31 states:

> All original wills, *after probate thereof*, shall be recorded and remain in the office of the clerk of the court where they were proved, except during the time they may be removed to any other court under proper process, from which they shall be duly returned to the proper office. Authenticated copies of such wills may be recorded in any county in this state.

Miss. Code Ann. § 91-7-31 (Rev. 2018) (emphasis added).

6

¶13.   Again, Mississippi Code Section 91-7-23 states that "[a]ny person interested may, *at any time within two years*, by petition or bill, contest the validity of the will *probated without notice*[.]" Miss. Code Ann. § 91-7-23 (emphasis added).  Further, "[*i*]*f some person does not appear within two years to contest the will, the probate shall be final and forever binding . . . .*" *Id.* (emphasis added).

¶14.   When read together, the clear statutory language provides that probate is not final until after the two-year statute of limitations has run; only then must the original will be recorded. "All original wills, after probate thereof, shall be recorded . . . ." Miss. Code Ann. § 91-7-31. Below, the chancellor explained her decision as follows:

> Rule 6.15 of the Mississippi Uniform Chancery Court Rules requires that every petition to probate a will must have a copy of the will attached to it, and the petition filed in Cause No. 74CH1:15 had a copy of George Ben Ratcliff's will dated July 3, 2013 attached. Standard practice in this Court is that the Court sees only a copy of the will being propounded for probate, and not the original will, and if the copy attached to the petition for probate indicates that the will meets the prerequisites for probate, the Court enters an order admitting the will to probate. The original will must be delivered to the Clerk's office at some time before estate is closed.

Given the statutory directives quoted above and the Court's earlier case of ***Fields v. Harris (In re Will of Fields)***, 570 So. 2d 1202 (Miss. 1990), discussed below, we discern no error in the chancellor's handling of the statute of limitations issue.

¶15.   It is important to remember that the issue before the Court today is whether the original will must be filed before the two-year statute of limitations begins to run.  The dissent makes very good arguments for why the original will would be necessary to adjudicate a challenge to the will, if timely, but none of the statutes or cases cited by the

7

dissent require the original will to be filed in order to begin the running of the two-year limitations period. Contrary to the dissent's assertion, we have never required that the original will be attached to the petition for probate or otherwise filed before the two-year limitations period begins to run. The dissent mischaracterizes language from *Kelly v. Cuevas (In re Estate of Kelly)*, 951 So. 2d 543, 547 (¶ 11) (Miss. 2007), as a recognition of such a requirement when, in fact, it is not. The dissent writes as follows:

> We recognized that the requirements for probating a will include "attach[ing] the *original* will to the petition, as well as affidavits of the two attesting witnesses stating that the decedent was of sound and disposing mind at the time he executed his will."

Diss. Op. ¶ 37 (alteration in original) (quoting *Kelly*, 951 So. 2d at 547). The quote from the dissent does not come from any holding of the Supreme Court but from a recitation of language from a Court of Appeals holding. *Kelly*, 951 So. 2d at 547 (¶ 11). The question before us today, whether the statute of limitations begins to run absent the filing of the original will, was not considered by the *Kelly* Court.

¶16.    We are not, as seems to be the concern of the dissent, holding that the original will need never be produced in the event of a will contest or other need to prove its contents. Nor does the case *sub judice* present us with a situation in which the parties contesting the will contend that the copy of the 2013 will attached to the Petition for Probate and admitted to probate by order of the chancellor differs from the original. There is no such contention. We are, however, in response to the narrow question presented, holding that the two-year limitations period found in Section 91-7-23 began running in the case *sub judice* on April 30, 2015, when the chancellor ordered that George Ben Sr.'s 2013 will be admitted to probate.

8

¶17. Our holding is wholly consistent with *Fields v. Harris*, 570 So. 2d 1202 (Miss. 1990), where we held that the two-year period begins to run on the date that a will is accepted for probate. *Id.* at 1203. In *Fields*, the clerk of the court accepted the will into probate, and the chancellor later ratified the clerk's action. *Id.* In today's case, no dispute exists that the chancellor ordered the 2013 will to be admitted to probate on April 30, 2015. Boyd does not contend, nor is there anything in the record to suggest, that the 2013 will admitted to probate, whether the chancellor saw a copy or not, is anything other than George Ratcliff Sr.'s 2013 will, the original of which was later filed.

### III. The chancellor did not err by finding that the complaint seeking to set aside the warranty deed was moot.

¶18. Finally, Boyd and George Ben Jr. argue that the chancellor erred by granting summary judgment on the complaint seeking to set aside the warranty deed. However, all of the land that was conveyed in the warranty deed was also bequeathed in the 2013 will probated by Smith. The chancellor did not err by finding that the complaint seeking to set aside the warranty deed was moot.

### CONCLUSION

¶19. The chancellor did not err in finding that Smith's failure to join Boyd and George Ben Jr. was not concealed fraud that tolled the statute of limitations. Additionally, the chancellor did not err by finding that the statute of limitations had run prior to the filing of the will contest. Accordingly, the decision of the chancery court is affirmed.

¶20. **AFFIRMED.**

**RANDOLPH, C.J., MAXWELL, BEAM AND CHAMBERLIN, JJ., CONCUR.**

9

**KITCHENS, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KING, P.J., ISHEE AND GRIFFIS, JJ.**

**KITCHENS, PRESIDING JUSTICE, DISSENTING:**

¶21. Today's majority undertakes the reinvention of Mississippi's longstanding law and procedure of testamentary probate. Probate is the process of proving, or not, that a particular written instrument is the purported testator's will, and that process requires examination of the original document by the chancellor or by the chancery clerk.[1] George Ben Ratcliff Sr.'s original will was not presented to or seen by the chancery court until years after the chancellor had entered a judgment that purported to admit that will to probate. Because the caveat against probate was filed before the original will had been presented to the chancery court, the caveat was timely. Moreover, because the caveat was timely filed, the complaint to set aside the deed that conveyed to Patricia Smith the same property devised to her by the will was not moot. Therefore, I respectfully dissent. I would reverse the dismissal of the

---

[1] Chancery clerks "at any time, in termtime or vacation, [may] perform the following functions[:] . . . take the proof of wills, admit wills to probate, in common form . . . ." Miss. Code Ann. § 9-5-141 (Rev. 2019). "All acts, judgments, orders, or decrees made by the clerk in term time or vacation or at rules, shall be subject to the approval or disapproval of the court of which he is clerk, and shall not be final until approved by the court." Miss. Code Ann. § 9-5-147 (Rev. 2019). This Court has held that a clerk's order in vacation admitting a will to probate in common form is *prima facie* evidence of the will's validity unless and until the chancellor enters an order finding the will invalid. ***Bigleben v. Henry***, 196 Miss. 586, 17 So. 2d 602, 604 (1944). For the sake of brevity, and because in this case it was the chancellor who entered the order of probate, I refer throughout this opinion to the chancellor's review of the will in a common form probate proceeding. However, either the chancellor or the chancery clerk may admit a will to probate in common form, with the chancery clerk's order of probate being subject to the chancellor's approval or disapproval. Miss. Code Ann. § 9-5-141, -147. Therefore, my analysis would apply to any case in which the chancery clerk, instead of the chancellor, entered an order admitting a will to probate in common form.

10

caveat and the grant of summary judgment and would remand the case for further proceedings.

*A.     Facts*

¶22.    On September 18, 2012, George Ben Ratcliff Sr. deeded all of his real property to his daughter, Patricia Diane Ratcliff Smith. On July 3, 2013, Ratcliff Sr. made a will that, *inter alia*, devised the same property to Smith, revoked all of Ratcliff Sr.'s prior testamentary instruments, and appointed Smith as executrix. Ratcliff Sr. died on October 15, 2013. The other children of Ratcliff Sr., Amanda Ratcliff Boyd and George Ben Ratcliff Jr. (collectively, "Boyd"), filed a complaint on November 6, 2014, to set aside the deed, claiming it had been the product of undue influence. On April 8, 2015, Smith filed a petition for probate in common form of her father's will dated July 3, 2013. A photocopy of the will was attached to the petition along with a certificate signed by two attesting witnesses saying they had witnessed the signing of the will and that Ratcliff Sr. had appeared to be "of sound and disposing mind and memory." An affidavit of one of the witnesses also was attached. The petition averred that "[t]he original copy of the Testator's will is deposited with the Clerk of this Court for safekeeping, and a true and correct copy thereof is annexed hereto as Exhibit A."

¶23.    On April 30, 2015, the chancery court entered a judgment admitting the will to probate in common form. The judgment found that "[t]he original copy of the Testator's will is deposited with the Clerk of this Court for safekeeping, and a true and correct copy thereof is annexed to the petition filed herein." Despite the averment of the petition and the finding

11

in the judgment, the original will had not, in fact, been deposited with the chancery clerk.

¶24. On June 6, 2018, Smith filed in the deed case a motion to dismiss or, alternatively, for summary judgment. She argued that Boyd's complaint to set aside the deed was moot because Ratcliff Sr., in his will, had devised to Smith the same property that he previously had conveyed to her by deed. Smith contended that, even if Boyd's action succeeded and the deed were canceled, the land would become part of the estate of Ratcliff Sr. And, Smith averred, because the two-year limitations period for challenging a will probated in common form had passed, Smith was the sole beneficiary of the estate. Because the complaint to set aside the deed could avail Boyd nothing, Smith argued, the action was moot.

¶25. On November 7, 2018, it was discovered that the original 2013 will had not been filed or recorded. Instead, the clerk had received with the petition to probate, and later had recorded in the Walthall County Will Book, an earlier will executed by Ratcliff Sr. dated December 17, 2009. That will devised his real property to his three children and his stepson. Then, Smith's attorney delivered the original 2013 will to the chancery clerk, who recorded it in the will book on November 7, 2018. But the clerk mistakenly docketed the filing of the 2013 will in the deed case rather than in the probate case. On November 19, 2018, the chancery court entered an order for the parties to show cause why the filing and docketing errors should not be corrected. Ten days later, Boyd filed a caveat against probate of the 2013 will, arguing that, because the original 2013 will had not been presented to the chancery clerk in April 2015, the will actually had not been admitted to probate at that time. Boyd attacked the 2013 will on the ground that it was the product of undue influence. Smith moved to

12

dismiss the caveat on the ground that it was barred by the two-year statute of limitations applicable to probate of wills in common form.

¶26. After a hearing, the chancery court found that, because Boyd had filed the caveat more than two years after the judgment of April 30, 2015, by which the 2013 will had been admitted to probate, the caveat was barred by the statute of limitations. The chancery court found that Mississippi Code Section 91-7-31 (Rev. 2018) did not require that the original will be presented to the court until after probate. The chancery court found also that, because of its holding that the 2013 will could not be challenged, Boyd's complaint to set aside the deed was moot. Boyd filed a motion to set aside the order to amend the judgment. That motion was heard on May 13, 2019. In an order dated May 17, 2019, denying Boyd's posttrial motion, the chancery court included instructions to the chancery court clerk to correct the filing and docketing errors regarding the wills.

### B.    Discussion

¶27. The majority affirms the chancellor's finding that an original will need not be submitted to the chancery court until after that will has been probated. In other words, the majority allows the probate of a will despite that will's never having been submitted to, or examined by, the chancery court during the probate process. To reach this conclusion, the majority relies on its reading of two statutes. One is the statute of limitations for challenging a will probated in common form, which provides that

> Any person interested may, at any time within two years, by petition or bill, contest the validity of the will probated without notice; and an issue shall be made up and tried as other issues to determine whether the writing produced be the will of the testator or not. If some person does not appear within two

13

years to contest the will, the probate shall be final and forever binding, saving to infants and persons of unsound mind the period of two years to contest the will after the removal of their respective disabilities. In case of concealed fraud, the limitation shall commence to run at, and not before, the time when such fraud shall be, or with reasonable diligence might have been, first known or discovered.

Miss. Code Ann. § 91-7-23 (Rev. 2018).

¶28.    The other statute relied on by the majority is Section 91-7-31, which reads as follows:

All original wills, after probate thereof, shall be recorded and remain in the office of the clerk of the court where they were proved, except during the time they may be removed to any other court under proper process, from which they shall be duly returned to the proper office. Authenticated copies of such wills may be recorded in any county in this state.

Miss. Code Ann. § 91-7-31 (Rev. 2018).

¶29.    Section 91-7-31 provides that original wills shall be recorded "after probate." The majority begins and ends its statutory analysis with this language. It reasons that, because the statute does not require recording of the original will until after it has been probated, the original will need not have crossed the threshold of the chancery courthouse until after probate was completed. For the majority, Section 91-7-31 allows a chancellor to admit to probate an unproven copy of a will, with the proceedings otherwise conforming in all respects to the proceedings that would have occurred if the original will had been before the court. Under the majority's theory, it is not until some time after probate has been completed that the original will must be submitted to the chancery court, and then for the purpose of recordation only. The majority's analysis and its holding amount to judicial innovation upon Mississippi's probate law. The majority's reasoning ignores the purpose of probate, our probate code, our case law, our court rules, and logic.

14

¶30. The majority's first mistake is that it confuses the necessity of *filing* the original will along with the petition for probate with the requirement that the original will be *recorded* after probate is complete. As the majority points out, Section 91-7-31 provides for the recordation of the original will after probate. Another statute mandates that the chancery clerk shall "record all last wills and testaments which may be probated . . . in well-bound books to be kept for that purpose . . . ." Miss. Code Ann. § 9-5-137 (Rev. 2019). But *recording* the original will in the will book after probate differs from the predicate step of *filing* the original will in the chancery court along with the petition for probate. The *ex parte* probate, or proving, of a will contemplates an initial inspection of a written document by a chancellor in order for him/her to decide at the outset whether the document appears to be what the petitioner says it is: the will of a particular person, the testator or testatrix. The process of probating a will in common form gives the proponent of the will—the petitioner—the opportunity to make out a *prima facie* case of the tendered will's validity. Miss. Code Ann. § 91-7-27 (Rev. 2018). The probate process may not be the last word on that issue. But its product is, most assuredly, the first judicial word.

¶31. Section 91-7-3 provides that "[w]hen any last will and testament is exhibited to be proved, the court may take the probate thereof, and any one interested in a will may propound it for probate." Miss. Code Ann. § 91-7-3 (Rev. 2018). In particular, probate requires that "due execution of the will" must be proved to the court, usually by affidavits of the subscribing witnesses or by proving the handwriting of the testator and witnesses. Miss. Code Ann. § 91-7-7 (Rev. 2018). Section 91-7-7 employs the English word *the*, which is a definite

15

article that points to one thing—in this context, to the will. A testator or testatrix can have but one will at any given time. Innumerable copies of the will may exist; but the will is one precise thing. Under this controlling statute, the one thing that the chancellor is charged with probating is *the will*.

¶32. The requirement that the proponent of a will submit the original will to probate, not an unproven copy, is consistent with the purpose of a probate proceeding, to establish a particular, unique writing—not a picture of a writing—as the testator's last will and testament. ***Perry v. Aldrich***, 251 Miss. 429, 441, 169 So. 2d 786, 791 (1964) (citing ***Tucker v. Whitehead***, 58 Miss. 762 (1881)). Without the original will, such establishment is not possible. The chancellor is in no position to determine whether a writing is the will of the testator/testatrix unless shown the writing itself—not a copy, not even a photograph of the document the petitioner claims is the original will. Therefore, the original will must be submitted with the petition for probate in order for the chancellor to examine it and decide whether to admit it to probate.

¶33. To be sure, and as the majority opinion acknowledges, in Mississippi's probate process, there is a role to be played for *a* (indefinite article) copy of the will; a copy must be attached to the petition to probate. Unif. Ch. Ct. R. 6.15. It is fine for the chancellor to refer to that copy as the administration of the estate proceeds, as long as it is an exact replica of the original will in the hands of the chancery clerk, which it was not in this case. But the chancellor is not charged with probating that copy. She is charged with probating *the will*, i.e., the original that the chancery clerk is required to handle and protect ever so carefully.

16

Miss. Code Ann. § 91-7-7. Except for an authenticated copy of a foreign will, the only time a chancellor may probate a copy of a will is in cases in which the original has been lost or destroyed. Miss. Code Ann. § 91-7-33 (Rev. 2018); *Easley v. Ferguson (In re Estate of Cannon)*, 733 So. 2d 245, 248 (Miss. 1999).

¶34. When a will is admitted to probate in common form and the chancellor, after examining it (the original), has found that it appears to be sufficient (dated, signed at the bottom by the testator or testatrix, witnessed by two people, etc.), the chancellor's approving order ends the will probate process, and the remaining aspects of the administration of the estate can proceed. Miss. Code Ann. § 91-5-1 (Rev. 2018); Miss. Code Ann. § 91-7-7. The only additional probating that may occur is the probating of claims of creditors, obviously a very different thing from probating the will. I recognize, of course, that there is a two-year period in which an interested party can contest the will, which is to say that the authenticity and validity of the will still can be questioned. Miss. Code Ann. § 91-7-23. But if that occurs, it is not a part of the initial probate process that is at issue in this case.

¶35. Our statutes, case law, and court rules are designed to facilitate the chancellor's examination of the actual document alleged to be the will as a prerequisite to making the probate determination. Section 91-7-31 recognizes the requirement that the original will be submitted with the petition for probate. It provides that original wills "shall . . . remain in the office of the clerk of the court where they were proved . . . ." Miss. Code Ann. § 91-7-31. Thus, Section 91-7-31 confirms that the original will must physically be before the chancery court while being proved, that is, probated. Section 91-7-23 recognizes also that probate

17

cannot occur without the document that is purported to be the original will. It provides that the validity of a will probated without notice may be contested within two years "to determine whether the writing produced be the will of the testator or not." Miss. Code Ann. § 91-7-23. "[T]he writing produced," without equivocation, refers to the original will produced for probate. Section 91-7-13 says that "[i]f the will shall appear to have been duly executed, it shall be admitted to probate." Miss. Code. Ann. § 91-7-13 (Rev. 2018). Section 91-7-13 establishes that it is "the will" itself, not an unproven copy, that is admitted to probate.

¶36.    Other statutes in Title 91 acknowledge that probate requires presentation of the original will. Under Mississippi Code Section 91-7-33, an authenticated copy of a foreign will may be admitted to probate and "contested as the original might have been if it had been executed in this state, or the original will may be proven and admitted to record here." Mississippi Code Section 91-7-11 (Rev. 2018) comes into play if a witness who attested to the will resides out of state or cannot be found. In that situation, the clerk may send the original will abroad for proof after making and certifying a true copy, which "shall have the same legal force and effect of the original will" if the original is lost. Miss. Code Ann. § 91-7-11(a) (Rev. 2018). Or the clerk may send a certified photostatic copy abroad and keep the original will in the clerk's office. Miss. Code Ann. § 91-7-11(b) (Rev. 2018). Those actions of the clerk would not be possible unless the original will were in the clerk's possession. Another clear statutory indicator that the original will is required is that the chancery court must issue letters testamentary to a qualified executor named in a will "admitted to probate

18

here on an authenticated copy or on the original . . . ." Miss. Code Ann. § 91-7-35 (Rev. 2018).

¶37.    Our case law provides even more clarity. This Court has determined expressly that the statute of limitations in Section 91-7-23 begins to run at the time that the original will is admitted to probate. We recognized that the requirements for probating a will include "attach[ing] the *original* will to the petition, as well as affidavits of the two attesting witnesses stating that the decedent was of sound and disposing mind at the time he executed his will." ***Kelly v. Cuevas (In re Estate of Kelly)***, 951 So. 2d 543, 547 (Miss. 2007) (emphasis added) (alteration in original) (internal quotation mark omitted) (quoting ***Kelly v. Cuevas (In re Estate of Kelly)***, 951 So. 2d 564 (Miss. Ct. App. 2006), *rev'd in part by **In re Estate of Kelly***, 951 So. 2d 543).[2] We have held that "the two-year period runs from the date the clerk admits the will to probate . . . ." ***Fields v. Harris (In re Will of Fields)***, 570 So. 2d 1202, 1204 (Miss. 1990) (citing ***Sims v. Stennis (In re Estate of Davis)***, 510 So. 2d 798, 799 (Miss. 1987)).[3] This case law should resolve the statute of limitations question in this case because it recognizes that the statute of limitations begins to run when the original will is

---

[2] In ***Kelly***, the Court overlooked Uniform Rule of Chancery Court Procedure 6.15, which was adopted effective February 1, 1989, and provides that a copy of the will must be attached to a petition for probate. Unif. Ch. Ct. R. 6.15. Rule 6.15 is entitled "Copy of Will Filed *with Original*." *Id.* (emphasis added). Therefore, ***Kelly*** and Rule 6.15 share common ground: both mandate that the original will must be submitted to the chancery court with the petition for probate.

[3] In ***Fields*** and ***Sims***, the chancery clerk in vacation admitted the will to probate in common form, and the chancellor later ratified the clerk's action. ***Fields***, 570 So. 2d at 1203; ***Sims***, 510 So. 2d at 798-99. In both cases, the Court held that the limitations period began when the clerk admitted the will to probate. ***Fields***, 570 So. 2d at 1204; ***Sims***, 510 So. 2d at 800.

admitted to probate. As I have discussed, probate is the chancery court's determination of a will's validity.[4] Because probate of a will cannot occur without the will itself, the statute of limitations for challenging a will's validity cannot begin to run if the original will never was before the chancery court. Because the original will of Ratcliff Sr. was not submitted to the chancery court until after Boyd filed the caveat, the caveat was timely.

¶38. Another serious problem with the majority's decision is the conflict it creates with the presumption of revocation that applies in the absence of the original will. When a will is known to have existed but it cannot be located after the testator's death, a presumption arises that the testator destroyed the will with the intent to revoke it. ***Abshier v. Chapman (In re***

---

[4] In ***Fields***, the Court cited with approval a Mississippi Law Institute article on probate discussing the chancellor's initial examination of the original will:

> The word "probate" is derived from the Latin infinitive *probare*, meaning "to prove" or "to test." Thus, the commonly used term "admitted to probate" means that the court allows *the instrument to be presented to it* for the purpose of proving that it is in all respects what it purports to be, *i.e.*, the true last will and testament of the deceased. Then, the purpose of a proceeding for the probate of a will, as strictly defined, is *to establish the legal status of a written instrument as a will*, and to furnish the means of establishing an existing right by record evidence.

> . . . .

> First, the court examines *the instrument purporting to constitute a will* to determine whether or not it complies with the statute; if all statutory requirements are met, then the court will admit the instrument to be placed before it for proof that it is in all respects what it purports to be, or, as the term is generally used, the instrument is "admitted to probate". . . .

George William Haynes, *The Commencement of Estate Proceedings in Probate Law and Practice* 133, 134 (Miss. Law Inst. 1963) (emphasis added); *see* ***Fields***, 570 So. 2d at 1203 n.1

*Estate of Mitchell)*, 623 So. 2d 274, 275 (Miss. 1993) (quoting *Adams v. Davis*, 233 Miss. 228, 237, 102 So. 2d 190, 193 (1958)). "This presumption extends to all duplicate copies, even executed duplicates." *Id.* (citing *Adams*, 102 So. 2d at 194). A danger exists that an unproven copy of a will could be submitted for probate although the testator had revoked the original by destroying it after the copy was made. That is why a party's ability to probate a copy of a will in lieu of the original is reserved for situations in which the original will is lost or missing, with stringent requirements for probate of a copy of a lost will. This Court requires clear and convincing evidence of "(1) the proof of the existence of the will; (2) evidence of its loss or destruction; and (3) proof of its contents. *Id.* (citing *Warren v. Sidney's Estate*, 183 Miss. 669, 184 So. 806 (1938). "A fourth element has been added: (4) that the testator did not destroy the will with the intent to revoke it." *Id.* (citing Robert A. Weems, *Wills and Estates* § 7-17 (1983)). The following quotation from *Warren* shows that unproven copies of a purported will have a diminished legal status:

> [A]fter the death of Mary Sidney, it developed that Isabel had sent a copy of the will to the Bank at Brandon and a copy of the will to Durwood Collins and had evidently delivered the original will to Mary Sidney. After the death of Mary Sidney a thorough search was made by witnesses through the papers and belongings of Mary Sidney, but no will was found among her papers. The copy of the will procured from the Bank at Brandon, and supported by the proof of its execution and the competency of the testator at the time of the execution by the attesting witness, Isabel, has been offered in evidence. The question is whether or not the proponent has met the burden of proof and has established by the clearest, most conclusive and satisfactory proof that the will was properly executed and was in existence or believed to be in existence by Mary Sidney at the time of her death; that the original will has been lost and that the copy of the will offered in evidence is a true copy of the will executed by Mary Sidney.

*Warren*, 184 So. at 808.

¶39. The majority quotes the chancellor's reliance on Rule 6.15 of the Uniform Chancery Court Rules. The chancellor agreed with Smith's argument that Rule 6.15 supports submission of a copy of the will instead of the original in a probate proceeding. Rule 6.15 is entitled "Copy of Will Filed with Original" and provides that "[e]very petition to probate a Will must have a copy of the Will attached thereto." Rule 6.15 does not support the argument that a copy of a will may be filed in lieu of the original. The rule plainly provides that a copy shall be filed in addition to the original. As a matter of convenience and for ready reference, a copy of the purported will is attached to the petition. This goes into the court file, which ordinarily is accessible to the public. This ready accessibility to a true copy of the original will relieves the chancery clerk of the sometimes repetitive task of having to retrieve the original will and stand watch over it every time, for example, one of the grandchildren wants to know whether Grandpa really left his shotgun to the neighbor's kid.[5]

¶40. Uniform Chancery Court Rule 9.04, entitled "Original Wills and Bonds—How Kept," provides mandatorily that the chancery clerk "shall keep all original Wills . . . safely and securely locked in a safe or vault in his office." Members of the public, including attorneys, are not free to stroll into the chancery clerk's office and peruse the contents of the clerk's

---

[5] Even in those chancery courts that have adopted the Mississippi Electronic Courts Administrative Procedures, an original will must be filed conventionally. The electronic filing rules provide that "**[a]ll original wills** . . . and other such documents as required by statute shall be filed conventionally and maintained by the clerk in accordance with the applicable statute. The clerk's office will upload these documents into the system." APMEC 6A4d. "As used in these procedures, a 'conventionally' filed or submitted document or pleading is one presented to the clerk or a party on 8-1/2 inch by 11 inch paper or other non-electronic, tangible format; **documents filed conventionally should NOT be stapled or bound but may be clipped.**" APMEC 6A.

locked safe. But Rule 6.15, entitled "Copy of Will Filed with Original," affords interested persons a practical means of access to the provisions of a filed will by providing, "Every petition to probate a Will must have a copy of the Will attached thereto." Of course, as the matter proceeds, the chancellor also may refer to the copy of the will that is in the court file as a matter of convenience. But the chancellor is not expected to rely on his or her examination of a copy of the putative will when passing upon the efficacy of the document purporting to be a particular person's will. It is the original document upon which the chancellor is charged with passing judgment, not a copy. This judicial activity requires the chancellor to look at the original will.

¶41. The necessity of submitting the original will with a petition for probate is a fundamental, longstanding precept that is recognized by several learned treatises that set forth the procedures for probating wills in the chancery courts of Mississippi. In 1968, William Eugene Morse wrote in *Wills and Administration in Mississippi* that, in a proceeding for probate of a will in common form, "[t]he original will must, of course, be produced; the chancery court may compel a person to produce a will if it is in his possession." William Eugene Morse, *Wills and Administration in Mississippi* § 10:7 (1968). Morse wrote that, for probate in solemn form, "[t]he same general procedure of a petition, . . . having the original will . . . . " is required. *Id.* § 10:8. Later writers have observed that "[t]he original will or an authenticated copy of a foreign will must be presented to the court for review . . . ." Jeffrey Jackson, Mary Miller, Donald Campbell et al., *Mississippi Practice Series: Encyclopedia of Mississippi Law* § 32.10 (2d ed.), Westlaw (database updated Oct. 2020) (emphasis added)

(footnotes omitted). "A petition [for probate in common form] containing the material allegations is presented to the court along with the original will and any codicils and the affidavits of one or both of the subscribing witnesses." Robert E. Williford & Samuel H. Williford, *Mississippi Practice Series: Mississippi Probate and Administration of Estates* § 4:1 (3d ed.), Westlaw (database updated Sept. 2020). For probate in solemn form, "[a] petition is filed, together with the original will, making all interested persons parties to the application." *Id.* at § 5.1. "When a will is propounded for probate, it is contemplated that the original will (i.e., the writing actually executed by the testator) will be produced. The court will compel anyone who has it to produce it." *Id.* at § 7.15 (citing Miss. Code Ann. § 91-7-5). The Uniform Probate Law requires that, unless the original will has been lost or destroyed, it must be attached to a petition for formal or informal probate. Unif. Prob. Code § 3-301, -402 (Unif. L. Comm'n 2019).

¶42.    Chancellor Lawrence "Larry" Primeaux has quoted with approval a newsletter published by Chancellor Ed Patten (now a senior status judge) that the requirements for probating a will in common form include that the (1) "[o]riginal will must be presented and filed, if available"; (2) the "[p]etition must have a copy of the will attached[] *Uniform Chancery Court Rule 6.15*"; and (3) the "[w]ill must be proven by at least one subscribing witness, usually through affidavit attached to self-proving will, or by proof of will executed later. § 91-7-7, MCA." Hon. Larry Primeaux, *Probate of Will in Common Form*, The Better Chancery Practice Blog (June 30, 2010), https://betterchancery.com/2010/06/. In another post, Chancellor Primeaux spoke to the question of whether the proponent of a will must

24

submit the original to the chancery court:

> Twice this summer, the deputy Chancery Clerks in Lauderdale County have been confronted by lawyers wanting to probate original wills and demanding to retain the original. . . . The clerks, I am glad to report, stood their ground and demanded the original for filing. . . .

> Now, in all my years in the law, I had never heard of a lawyer in Mississippi retaining an original will after its admission to probate.

Hon. Larry Primeaux, *Who Retains the Original of a Probated Will?*, The Better Chancery Practice Blog (Aug. 26, 2010) https://betterchancery.com/2010/08/26/who-retains-the-original-of-a-probated-will/.

¶43. In this case, Smith's petition for probate of the 2013 will in common form and the judgment admitting the 2013 will to probate both represented that the original will had been "deposited with the Clerk of this [Chancery] Court for safekeeping." Although in the present case the original will had not been deposited with the clerk, those representations support the common understanding that submission of the original will is necessary for probate. As the majority recognizes, the chancellor said on the record that the standard practice in the Chancery Court of Walthall County is for the chancery court to accept a copy of the will with the petition for probate and that the original will need not be submitted to the court until the estate is closed. But with utmost respect for the learned chancellor, that practice is unsupported by our rules, statutes, and case law.

¶44. Had the chancellor seen the original document filed by Smith, she would have realized immediately that something was amiss. The petition before her spoke of a will dated in 2013. The purported copy of the original will that was attached to that petition bore a 2013 date.

25

But the "original" will that had been filed with the chancery clerk was dated in 2009 and was witnessed by different people than those named in the petition and in the attached copy of the 2013 will. Much later, it became apparent to all concerned that the filing of the 2009 document had been done through inadvertence and mistake. That this was overlooked during the probate process provides a poignant illustration of the reason the chancellor must look at and examine the thing that has been presented to the court for probate: the original will.

¶45. Although a judgment probating the 2013 will was entered on April 30, 2015, the original will was not presented to the chancery court until, at the earliest, November 7, 2018. The 2013 will was not properly filed in the probate case until May 13, 2019. Because probate requires that the proponent of a will present the original will to the chancery court, the chancellor erred by finding that the statute of limitations had run on Boyd's November 29, 2018, caveat against probate of the 2013 will.

### C. Conclusion

¶46. The great weight of authority confirms that a will cannot be probated unless and until the original will is presented to the chancery court. The majority's failure to adhere to this fundamental principle of established law likely will foment confusion and possibly mischief in future cases. Because the original 2013 will was not presented to the chancery clerk until November 7, 2018, mere days before Boyd's caveat was filed, the caveat was not untimely. I would hold that the will remains subject to Boyd's challenge; for that reason, Boyd's complaint to set aside the 2012 deed is not moot. Under a proper application of the law, this case would be reversed and remanded for further proceedings consistent with Mississippi's

26

statutes, case law, and rules of court.

**KING, P.J., ISHEE AND GRIFFIS, JJ., JOIN THIS OPINION.**